No. 20,375.

GEORGE A. CARROLL, A MINOR, ETC., *v*. W. B. FITZIMMONS,
ET AL., AND SCHOOL DISTRICT NO. 14, ADAMS COUNTY.
(384 P. [2d] 81)

Decided July 29, 1963.

Mr. GEORGE A. HINSHAW, Mr. A. DANIEL ROONEY III, for plaintiff in error.

Messrs. McCOMB, ZARLENGO and MOTT, Mr. VALENTINE W. LOGAN, for defendant in error R. B. Vlaaderen;

Mr. WILLIAM PEHR, for defendant in error BERTHA Heid;

Messrs. WORMWOOD, O'DELL and WOLVINGTON, Messrs. GAUNT, BYRNE & DIRRIM, for all defendants in error except R. C. Vlaaderen and Bertha Heid.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS action by a minor through his mother and next friend was instituted against School District No. 14, Adams County, and against the individual board members, the superintendent of schools of Adams County, the superintendent of the school district, the school principal, and a teacher in the Central Elementary School.

It was alleged in the complaint filed by the mother

and next friend that the child was injured by another school student while at play on the school grounds.

Motions were filed by the individual defendants to dismiss the action on the ground "that the complaint fails to state a cause of action" against them. Motions to dismiss on behalf of the school board and the school district stated as grounds both sovereign immunity and failure of the complaint to state a claim upon which relief could be granted. All of the motions were granted, and the court entered an order dismissing the complaint, to which this writ of error is directed.

 The granting of the motions to dismiss was correct. The facts alleged against the elementary school teacher are not actionable. The school teacher was not the tort feasor. The allegation "that the plaintiff was struck in the eye by a rock thrown by a fellow student" and "* * * that the defendant teacher permitted the rock to be thrown" are insufficient to state a claim against the teacher.

In *Nestor v. City of New York*, 211 N.Y.S. (2d) 975, an infant plaintiff sought to recover damages from the school authorities when struck with a bat wielded by another school child. In affirming the dismissal of the complaint the court said:

"There is no requirement that the teacher have under constant and unremitting scrutiny the precise spots wherein every phase of play activity is being pursued; nor is there compulsion that the general supervision be continuous and direct."

 As to the other individual defendants, there was no allegation of direct participation in the alleged injury to the child. As the employers of the teacher, they could be held liable, if at all, only under the doctrine of "respondeat superior." Dismissal of the claim against the teacher disposes of the claims against all of the superiors of the teacher.

The judgment of dismissal is affirmed.