474 P.2d 638 (1970)
William Glenn ARNOLD, a minor child, by Thomas K. Arnold and Emma Sue Arnold, his natural parents and next friends; and Thomas K. Arnold and Emma Sue Arnold, Plaintiffs in Error,
v.
Darrell A. HAFLING, Dudley Solomon, Defendants in Error.
No. 70-308. (Supreme Court No. 23090.)
Colorado Court of Appeals, Div. II.
September 9, 1970.
Gerald L. Stapp, Denver, for plaintiffs in error.
Wormwood, Wolvington, Renner & Dosh, Richard W. Laugesen, Denver, for defendants in error.
Not Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is a personal injury case. The plaintiffs were William Glenn Arnold, a minor, and his parents and next friends, Thomas K. Arnold and Emma Sue Arnold. The defendants were Philip Huffman, a minor, Darrell A. Hafling, a high school coach, and Dudley Solomon, a high school *639 principal. The parties will be referred to herein according to their trial court designations.
William Arnold was a sophomore high school student. In his complaint, he alleged that he was injured by a fellow student, Philip Huffman, while participating in a high school lettermen's outing at defendant Hafling's mountain cabin. More specifically, he alleged that Huffman negligently pushed him off a six foot retaining wall into a shallow stream which resulted in the fracture of his left leg. Defendants Hafling and Solomon were joined under the theory that they condoned the activities leading up to the injury and that they were derelict in their duty of supervision. Prior to trial, the plaintiffs and defendant Huffman entered into a stipulation whereby the claim against Huffman was dismissed without prejudice.
Trial was to a jury and at the close of all the evidence, the defendants moved for a directed verdict on the grounds that the claim of the plaintiffs failed to state a cause of action and that the evidence presented did not support a claim for relief. The trial court granted the motion and this appeal arises out of that action. The plaintiffs claim that the issues of liability should have been submitted to the jury.
The trial court based its order on Carroll v. Fitzsimmons, 153 Colo. 1, 384 P.2d 81. In that case a child was injured by a fellow elementary school student who threw a rock at him and hit him in the eye while on the school playground. The trial court granted a motion to dismiss as to the teacher supervising the children at the time the accident occurred on the basis that the claim that "the defendant teacher permitted the rock to be thrown" was insufficient to state a claim against the teacher. The Supreme Court upheld the order of dismissal on the grounds that the school teacher was not the tort feasor and that supervision did not require ubiquity or continual scrutiny of every area where activity was taking place.
The trial court was correct in applying Carroll v. Fitzsimmons, supra, to this case. If anything, the facts in this case supporting a directed verdict or order of dismissal are stronger. The students involved here were not elementary school children. Rather, they were between the ages of sixteen and eighteen and it would be expected that they would be more responsible and require less supervision than elementary school children. The primary purpose of the presence of the teacher on the school grounds in the Carroll case was to supervise the children; whereas here, the primary purpose of the presence of Hafling was to host the lettermen's club outing at his mountain cabin and Solomon was there to help him in this respect.
We agree with the trial court that the evidence presented by the plaintiffs did not justify submitting the case to the jury.
The judgment of the trial court is affirmed.
COYTE and PIERCE, JJ., concur.