No. 14,613.

PEARSON *v.* NORMAN.

(106 P. [2d] 361)

Decided July 1, 1940.   Rehearing denied October 14, 1940.

Mr. JOHN W. ELWELL, Mr. RILEY R. CLOUD, for plaintiff in error.

Mr. HENRY H. CLARK, Mr. HARRY S. PETERSEN, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

PEARSON, as plaintiff, brought this action for damages against the defendant, Norman, a practicing physician and surgeon, alleging careless and negligent diagnosis and treatment of a spinal injury resulting in permanent disability. At the close of plaintiff's evidence the trial court granted defendant's motion for a nonsuit and dismissed the case. Plaintiff here prosecutes a writ of error and contends that there was evidence showing negligence of defendant which should have been submitted to the jury.

The testimony discloses that defendant was engaged to treat plaintiff for injuries resulting from a fall from a roof which occurred April 11, 1936. According to plaintiff, his wife, and son, all of whom testified, defendant advised them that the injury was a bad bruise and shakeup; that he stated to them that plaintiff's back was not broken, and sent him home from the hospital in four days with the assurance that the pain would disappear after a few days' rest. This testimony was positively denied by defendant when called by plaintiff for cross-examination under the statute. He testified that he was convinced at the time that plaintiff had a fractured spine; that he did not so advise plaintiff, his wife, or son; that plaintiff was treated for a compression fracture while in the hospital; and that he left the hospital on April 15, 1936, over his (defendant's) protest and insistence that further examination and treatment would be necessary. After leaving the hospital plaintiff was in constant pain but received no treatment or medical advice until February 24, 1937, when he consulted an osteopathic physician who sent him to a clinic for X-ray photographs which disclosed the fracture.

The osteopathic physician stated that he only knew the proper treatment for a fractured vertebra from his reading, and that he had had no experience with such;

that for twenty years or more he had not specialized in orthopedics or in adjustment of fractured bones; that treatment should have begun as soon as possible after the fracture occurred; that as far as he knew proximation of the fractured fragments was the only method for healing a bone, and that at the time he was consulted it was too late for this method to be used, but that surgical treatment might have been proper; that he knew nothing about the facts in this case or the treatment given by defendant; that a doctor should make an examination and use his judgment as to what should be done, the same as anybody else in a special line, and his judgment should be followed whether right or wrong. The only medical man, other than defendant, to testify was the one who took the X-ray photograph. His testimony was merely to the effect that plaintiff had been sent to him for X-ray examination; that he had taken the photograph and discovered the fracture from it, and that he had recommended a brace.

By the defendant's own testimony further treatment was indicated, for he says he so advised plaintiff when he left the hospital, and he would have given further treatment if plaintiff had remained. There is no question under such state of the record that proper treatment was not thereafter administered by defendant. The testimony of plaintiff and his witnesses is to the effect that he was told by defendant that the injury was merely a bruise, and was discharged by defendant. If this testimony is true the failure to obtain additional proper treatment was proximately caused by the act of the physician in discharging him. If the doctor's testimony, that plaintiff left of his own volition and contrary to his advice, is true, then plaintiff's failure to receive proper treatment was proximately caused by his own act and is not chargeable to the defendant. Clearly there was testimony sufficient to require submission of the cause to the jury. Furthermore, defendant admits that he did not advise the plaintiff, his wife, or son that

plaintiff's spine was fractured. They say he told them it was not fractured. While the mere fact that defendant did not disclose the result of his examination to the patient and his family may not negative his having made a proper diagnosis, nevertheless the fact that he told them at the time that there was no fracture—which must be assumed to be true in considering the motion for a nonsuit—is competent evidence to be considered on the question as to whether he had or had not made a proper diagnosis. It is true, that in *Norkett v. Martin,* 63 Colo. 220, 156 Pac. 256, a case similar to the one here under consideration, we approved an instruction in which the court told the jury that "in considering whether the defendant, in his diagnosis, care and treatment of the plaintiff's injury * * * exercised ordinary care, you cannot set up a standard of your own"; nevertheless, it was not necessary that plaintiff in the instant case set up such a standard by his evidence, because defendant admitted that further treatment was indicated by his own judgment as a physician. There is, therefore, no question as to the character of the treatment the doctor would have given, but merely whether he or plaintiff was responsible for its not being administered. Negligence may consist either of wrongful action or wrongful inaction.

There is competent evidence in the record to the effect that plaintiff did not receive proper treatment for a sufficient time to repair his injury and that defendant's action in discharging him was responsible for the failure in this respect. There is evidence also that plaintiff did not recover from his injury. This alone might not constitute proof of damages for it is well known that all traumatic injuries do not repair themselves even where the best of treatment is given. That there was a causal connection between the failure of plaintiff to receive continued proper treatment and his present disabled condition is admitted by defendant, for in his second defense he alleges, "that if said plaintiff had

followed the instructions of said defendant as to remaining in said hospital for further examination, care and treatment, or had, upon leaving the same, undergone other hospitalization and proper medical care and treatment, he would have recovered within a reasonable time from his said injuries, and would have sustained no financial loss or damage by reason thereof, other than the expenses incurred for hospitalization and medical care and attention necessitated by reason of his initial injury as aforesaid."

Judgment reversed and cause remanded, further proceedings, if any, to be consistent with the views herein expressed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.