## No. 14,724.

### RISS AND COMPANY, INC. *v.* GALLOWAY.

(114 P. [2d] 550)

Decided April 14, 1941.   Rehearing denied June 16, 1941.

Mr. JOHN F. MUELLER, for plaintiff in error.

Mr. A. T. STEWART, Mr. S. S. PACKARD, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE present litigation arose out of the same accident that gave rise to *Riss & Co. v. Anderson,* 108 Colo. 78. 114 P. (2d) 278, the opinion in which was announced this day. The same stipulation as to defendant's negligence proximately causing the injuries was entered into. Judgment was rendered for plaintiff in the present case on the verdict of a jury that assessed his damages at $6,850, and defendant, seeking a reversal, prosecutes a writ of error.

Certain of the points here raised we think are covered fully by our opinion in the other case, namely, (1) the defense sought to be interposed that the Mountain States Telephone and Telegraph Company benefit plan is in lieu of workmen's compensation and that plaintiff's acceptance of benefits thereunder precluded his bringing suit for his injuries; and (2) the excessiveness of the verdict.

Certain other features of this case require consideration. The defendant has favored us with numerous assignments of error, to be exact, twenty-nine. In addition to those that raise points of which we disposed in our other opinion, defendant in its brief has grouped the remaining errors under five heads, namely, (1) Denial of defendant's motion for an order requiring plaintiff to submit to a spinal puncture. (2) Overruling of defendant's objection to a hypothetical question asked of Dr. Farley, one of plaintiff's expert witnesses. (3) Denial of defendant's motion to strike testimony of witness Farley and other evidence of back injuries sustained by plaintiff and to limit the question of damages. (4) Refusal to permit Doctors Baker and Woodbridge to testify when presented as witnesses by defendant. (5) Refusal of the court to give defendant's tendered instructions 1, 4, 5, and 6, and the giving of instruction No. 12.

The plaintiff was a man forty-seven years of age. He had been employed by the telephone company for twenty-five years, was foreman of the crew with which he was working, and was receiving a wage of $175 per month. From the date of the accident, under the company benefit plan, he was paid full wages for thirteen weeks, and half wages thereafter to the time of trial. On the date of the accident, October 1, 1936, he was seated in a service truck of his employer when it was hit by defendant's truck. He immediately was attacked by severe pains in his back. He was in the hospital as a result of back injuries for six months and seventeen days, four months of which time he was in a cast, and, at the time of the trial in June, 1938, he claimed he had been unable to walk, and still was unable to walk, without a brace. He complained of continued severe pain in his back. In addition to his back injury he sustained a bad cut on the tip of an ear, cut on left cheek, and an injury to his throat which left it sore for a time and resulted in hoarseness. The soreness no longer existed

but the hoarseness had continued. He was not hoarse before the accident. He denied that he had syphilis, or at least denied knowledge that he was afflicted with that disease. It was the theory of defendant that he was so afflicted, and that this disease, not the accident, was the cause of his disability, if he was in fact disabled.

Defendant moved the court to require plaintiff to submit to a spinal puncture to determine definitely whether he had syphilis. This motion was made at the beginning of the trial. We think, coming at that time, it was not an abuse of the court's discretion to deny it. But even had the motion been made earlier, we are of the opinion that an order granting it would have been an invasion of plaintiff's rights, and beyond the court's authority without plaintiff's consent. That a court may order a plaintiff in such a case to submit to a physical examination is a proposition so well settled as to need no citation of authorities, but we think the rule may not be extended so far as to require him, under guise of a physical examination, to furnish samples of his bodily components to be used for the purpose of chemical analyses. It is not requisite that he do this to make out his own case, and, a fortiori, it is not required of him in order to bolster up his adversary's defense, or perhaps, if the examination be negative, to shatter such defense entirely. The matter is one of first impression in this state, so far as we are advised, and we are furnished no citation of authority from any other jurisdiction directly in point. If there are any such, contrary to the view above expressed, we would not be disposed to follow them; furthermore, it is to be observed that had the fact that syphilis existed been determined with certainty, it would not have been conclusive of the case, because a man who has syphilis can sustain a back injury as the result of trauma as well as one who is free from the disease. It would have done no more than furnish evidence of something that *might* be the cause of plaintiff's continuing disability and might not. It would

not be irrelevant as evidence because not conclusive, if the fact were ascertainable without an unwarranted invasion of plaintiff's right to the security of his person. Ordinarily any fact which makes probable the existence of another fact in dispute is relevant to prove the disputed fact.

This brings us to the second point alleged by defendant as constituting error, namely, the overruling of defendant's objection to plaintiff's hypothetical question to Dr. Farley. We have examined the record and think the question contains no assumptions that are not fairly to to be made from the testimony in the record, either as elicited from other witnesses, or from facts which Dr. Farley himself testified were disclosed by his examination. When asked whether certain pathological conditions disclosed by the X-ray plate *might* be the result of a severe injury that occurred as of October 1, 1936, he answered, "I would say very likely so." On objection the word "might" was changed to "is" so the question became, "Could you say that this is the result of a severe injury that occurred as of October 1, 1936?" His answer to the question as so changed was, "I would say very likely it is the result of the injury." As we view the matter this is an expression of the doctor's opinion that the accident and injury were an adequate cause to produce the pathological condition that he found. Defendant's argument in support of the proposition that syphilis *might* be the cause of plaintiff's continuing disability and that defendant be permitted to show it, is no different in kind from plaintiff's argument that the accident might have caused the pathological condition which the X-ray disclosed. We think there was no error in overruling the objection to the question. Whether the doctor of his own knowledge knew of the facts of the accident and the injury other than from his examination is not material. An expert may testify on an assumed state of facts, if the assumptions have a reasonable basis in the evidence.

■ The third point upon which defendant relies for a reversal is the denial of defendant's motion to strike the evidence of Dr. Farley and any other evidence of back injury, and to limit damages by excluding disability and loss of earning capacity. We think there was evidence of back injury. Plaintiff testified that his back was injured; that he immediately suffered pain; that he was in a cast for four months; that a brace was applied by order of his physician; that he still had to wear the brace all the time; that he was working prior to the accident; that he suffered no pain in his back before the accident; that he had had pain since; that he was kept in the hospital six months and seventeen days, which would of itself indicate considerable physical disturbance, as a result of the accident. Dr. Farley, as heretofore indicated, testified to finding a pathological condition in the spine and gave it as his opinion that a back injury could cause it. There was testimony, some by defendant's medical experts, that there might be injuries to the spine or vertebrae thereof that the X-rays would not disclose. There was testimony from which, if believed by the jury, it might reasonably conclude that plaintiff sustained a back injury and that a continuing disability resulted from such injury. There was testimony offered by defendant from which, if believed, the jury might have found that plaintiff was suffering from syphilis and that this, apart from any accidental injury, was the cause of the continuing disability, if such there was. To resolve such situations is the reason juries are called into service. Having determined, as indicated by their verdict, that plaintiff's version of the situation was correct, and the evidence being conflicting, we are not at liberty to disturb the finding and judgment entered thereon.

■ Defendant complains of the action of the trial court in refusing to permit Doctors Baker and Woodbridge to testify when they were called as its witnesses. Both of these men had been plaintiff's personal physi-

cians. He did not see fit to call either of them as a witness, and we know of no law that obligated him to do so. We have carefully read the record in the case and we find nothing therein that is sufficient to support any theory of plaintiff's having waived the privilege conferred upon him by section 9, chapter 177, '35 C.S.A., which, so far as pertinent, is as follows:

"There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person shall not be examined as a witness in the following cases: * * *

"Fourth—A physician or surgeon duly authorized to practice his profession under the laws of this state, or any other state, shall not, without the consent of his patient, be examined as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient * * *."

Doubtless the testimony of both of these witnesses was relevant and material to the issues involved, but it was not competent because it is the policy of the law to preserve information procured from a patient by a physician for the purpose of treating him as a secret between them and inviolate except with the consent of the patient, and in this case such consent was not given. The trial court committed no error in excluding it.

Defendant's contention that error was committed in refusing to give its tendered instruction No. 1 limiting plaintiff to a recovery for such "pecuniary loss as he has suffered as a proximate result of the accident" is not sound. By instruction No. 4 the court properly instructed as to the measure of damages.

Defendant's tendered instruction No. 4 relates to the defense that plaintiff was under the Workmen's Compensation Act and could not maintain the action. What we have said heretofore disposes of this point. It was not error to refuse it.

Defendant's tendered instruction No. 5 with respect to burden of proof was refused. Such portions of it as

100

were in the affirmative and constitute a correct announcement of the law were adequately covered by other instructions given by the court.

■ Defendant's tendered instruction No. 6 is a correct abstract statement of the law to the effect that a party may not impeach his own witnesses, but it is not applicable to any issue the jury here was called upon to decide. It was properly refused.

■ Instruction No. 12 relating to the testimony of experts was objected to because it allegedly covers only the situation where an expert testifies on assumptions made in a hypothetical question and not to a case where he testifies as an expert from conditions ascertained from a personal examination. The instruction required the jury to be satisfied from the evidence of the truth of the facts assumed as the basis of the opinion before giving evidentiary effect to it. We see nothing in it that excludes the jury's finding such facts from the testimony of the expert as to their existence, when he bases his opinion upon facts which his examination disclosed. The instruction is not erroneous. If defendant thought any additional instruction on the point was necessary, it should have tendered it.

Judgment affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.

MR. CHIEF JUSTICE FRANCIS E. BOUCK concurs in the conclusion.