## No. 17,049.

### WETZEL ET AL. *v*. BATES.
(259 P. [2d] 291)

Decided June 29, 1953.   Rehearing denied July 20, 1953.

Mr. JOHN E. FITZPATRICK, Mr. GEORGE F. BARBARY, for plaintiffs in error.

Mr. CHARLES R. ENOS, Mr. C. CHARLES BUCHLER, BERNICE M. BUCHLER, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Wetzel and wife, owners of, and living at, 2150 South University Boulevard in Denver, on May 3, 1950, entered into an agreement with Bates, who, as an individual, does business as Bates and Son, for the remodeling and conversion of their residence property into apartments for the agreed total sum of $3,741.00. Bates proceeded with the work as contemplated by the agreement, and the Wetzels paid $3,085.00 on the contract price, leaving an unpaid balance in the sum of $656.00, for which, after repeated requests for payment, Bates filed suit to foreclose a mechanic's lien which he had placed of record.

In due course the Wetzels filed their answer and cross complaint and counterclaim, alleging in the answer and cross complaint that Bates had failed to complete the work within five weeks agreed upon and that the work was not completed in five months; and further enumerated a number of items that were to be included in the remodeling job which Bates had failed to do, and by reason of the failure, they were compelled to employ other workmen to properly complete the job at an actual cost of $500.00.

A motion to dismiss the counterclaim was filed and granted, with leave to file an amended counterclaim, which was filed, alleging in substance that the bedroom used and occupied by the Wetzels was one of the rooms to be remodeled, and that they were temporarily occupying the living room as a bedroom; that on the afternoon of August 14, workmen for Bates entered the said living room to remove wall paper and they negligently removed the ceiling light, which caused a short circuit and the bed clothes of defendants were burned; that Bates then installed a temporary switch on the wall of said room, which switch did not work, and the room

was left without light; that on that night defendant Frank Wetzel arose about three o'clock A. M. and expecting the light to be in its usual place, attempted to locate the switch which had been removed without notice to defendants, and not being able to find the light switch, he fell and broke his back, which caused him to be hospitalized for nineteen weeks and to pay out sums for hospitalization and medical care to his actual damage of $12,000.00; that the injury of which complaint is made was the proximate and true result of plaintiff's negligence in failing to notify the Wetzels that they had left the room without light and had relocated the light switch.

Motion to dismiss the amended cross complaint was filed on the ground that the claim failed to state a cause of action upon which relief could be based; that the cross claim failed to allege actual negligence on the part of Bates; and finally, that the cross claim failed to allege facts which, if proven to be true, constitute the proximate cause of the injuries to Frank Wetzel. This motion was sustained, and the Wetzels present this writ of error and for reversal rely upon the following points: 1. That a judgment of dismissal of the counter-claim is against the law. 2. The injury complained of was proximately caused by defendant in error's negligence. 3. That the question of proximate cause is one of fact and not of law. 4. Where a cause of action is plead it is error to dismiss where no evidence is taken to support the plea or justify the dismissal. 5. That the issue is one for the jury where different inferences are reasonable.

In passing upon the motion to dismiss the amended cross complaint, the trial court stated that the amended cross claim fails to state a cause of action upon which a claim for relief can be based, and that it fails to allege actual negligence, and fails to allege facts which, if proven to be true, constitute the proximate cause of the injuries to Wetzel.

The trial court gave no expression of the basis

of its ruling, therefore in order to determine the correctness of such ruling, we rightfully consider the state of the pleadings, and it is our opinion that the cross claim as stated does not state a claim upon which relief could be granted, which involves a brief discussion of the factual situation, namely, that Wetzel, during the course of the remodeling, occupied one of the rooms which he had employed Bates to remodel, and he knew that on this particular day, Bates had removed the wallpaper and the light switch, because he stated that in removing the light switch a short circuit was created which burned some of the bedding; that with this knowledge, he then occupied the room that night, knowing that the light fixtures had been changed. He does not allege that Bates wrongfully removed the wallpaper or the ceiling light, or that Bates had no right to remove the ceiling light as a part of the remodeling job, and a natural presumption follows that when Wetzel went into the room that night to occupy the bed therein, he knew of the change in the lighting condition. The cross claim states that Wetzel arose in the night and in trying to find the light switch, fell and broke his back.

Being bound by the allegations of his amended cross claim, Wetzel pleaded facts which precluded the granting of any relief thereon. He was the owner and occupant of the premises, and from his allegations about the burning of the bedding, he knew of the changes that had been made, and they were made by his employee. He is in a different position to that of an invitee or licensee coming onto the premises without knowledge. Apparently the only question involved is, whether or not, under the circumstances here, the removal of a ceiling light and replacing it with a wall switch constituted actionable negligence. Before there could be actionable negligence, according to the well-known rule, a duty was involved, and that was to guard against injury or damages related thereto, and such as could or should have been anticipated. It could not reasonably be said that

such duty on the part of Bates was here involved, and it is not tested by the fact that an injury did occur, but by what might reasonably have been foreseen by Bates as likely to happen as a result of what he did in keeping with his employment. It was not such a probability of injury as would present the duty of care. Wetzel's injury could not reasonably be anticipated or foreseeable. The facts are not disputable and are free from conflict, and the inference raised is such that all reasonable minds would agree, in the exercise of fair and impartial conclusion, that negligence on the part of Bates could not reasonably be inferred, and such an inference is made incontrovertible by Wetzels' statement of claim.

■■ "Of course, the question of liability for alleged negligence is for the court, and not for the jury, where, admitting all the plaintiff's testimony and all inferences deducible therefrom to be true, he fails to make out a case. Thus, if an accident appears from the evidence to be as consistent with the absence of negligence for which the defendant is responsible as with the existence of such negligence, the plaintiff must fail, and the case should not be left to the jury." 38 Am. Jur. section 345, page 1050.

The trial court properly determined the question of liability from the face of the second attempt to state a counterclaim, and, of course, this was not a question for the jury.

Other matters involved in the cross complaint are not before us.

The judgment of the trial court was right, and therefore is affirmed.