No. 20,104.

Elbert Andrews, et al., *v.* Bruce Hayward, et al.

(369 P. [2d] 980)

Decided March 26, 1962.

Messrs. McComb, Zarlengo and Mott, Mr. Alden T. Hill, Mr. Ralph H. Coyte, for plaintiffs in error.

Messrs. Clayton and Gilbert, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

The Haywards filed a complaint in the district court of Larimer county to recover damages allegedly resulting from the death of their son, Robert, who was killed in an automobile accident. At the time of the accident Robert was a passenger in an automobile owned by Elbert Andrews and driven by either the owner or his brother, Elmer Andrews. Elbert and Elmer were named defendants in the action.

On the trial of the case and at the conclusion of plaintiffs' evidence, the trial court granted defendants' mo-

tion for a directed verdict. The motion was based on the ground that plaintiffs could not recover because of the contributory negligence of Robert, and for the further reason that he had assumed the risk involved in riding in defendants' car. The record shows excessive drinking of intoxicating liquor on the part of the driver of the car, as well as of those riding therein.

A motion for new trial was filed by the Haywards and upon hearing thereof the trial court concluded that error was committed in granting the motion for a directed verdict and a new trial was granted. Thereupon defendants caused a writ of error to issue directed to the order of the trial court granting a new trial.

■ Counsel for the Haywards move for a dismissal of the writ of error on the ground that no final judgment has been entered in the trial court to which a writ of error will lie. The point is well taken. We need do no more than direct attention to the opinions of this Court in *Vandy's, Inc., et al., v. Nelson, et al.*, 130 Colo. 51, 273 P. (2d) 633, and *Gonzales v. Trujillo*, 133 Colo. 64, 291 P. (2d) 1063. In the latter case the identical situation was presented and in disposing of it the court said:

"Our Rule 111, R.C.P. Colo. provides, inter alia, that a writ of error shall lie from the supreme court to a *final judgment* of any district, county or juvenile court in all actions, and the only question presented is whether the granting of a motion for a new trial is a final judgment.

"[1] When a motion for a new trial is granted, the issues stand undisposed of as if the cause had never been tried."

The writ of error is dismissed with directions to proceed to trial in the action.