Catharyn A. TURNER, through her mother and next friend, Catharyn Turner, Sr., Plaintiff-Appellant,

v.

Posey GRIER, Jr., Defendant,

Stratmoor Hills Fire Protection District, Defendant-Appellee.

No. 79CA0357.

Colorado Court of Appeals, Div. II.

Dec. 6, 1979.

Rehearing Denied Dec. 20, 1979.

Certiorari Denied March 17, 1980.

Cross, Gaddis & Kin, James W. Kin, David L. Quicksall, Colorado Springs, for plaintiff-appellant.

Murphy, Morris & Susemihl, Peter M. Susemihl, Colorado Springs, for defendant-appellee.

VAN CISE, Judge.

In this negligence action, the trial court granted summary judgment in favor of defendant Stratmoor Hills Fire Protection District (the District), ruling as a matter of law that the District owed no duty to plaintiff. Plaintiff appeals, and we affirm.

The depositions, documents, and admissions reveal the facts to be as set forth below. The District organized movies and other entertainment for children on the subject of fire prevention to be given on the grounds of the Stratmoor Hills School on the evening of August 15, 1976. For three days it advertised the show by having a fire truck with loudspeakers cruise in the neighborhood. As a result, small children were attracted to the school grounds to see the show.

Plaintiff, a seven-year-old girl, lived with her mother in an apartment complex located at Hampton South and B Street, a busy thoroughfare in El Paso County. To reach the school grounds, plaintiff had to cross B Street, adjacent to her apartment, then cross a railroad track and then Loomis Avenue, which was adjacent to the school. There were traffic signals on B street which could flash yellow lights to warn vehicular traffic to slow to 20 miles an hour in the school crossing area, but they had been turned off for the summer. Neither the school authorities nor anyone else had been contacted by the District concerning the use of the school grounds or the activation of the traffic signals. Had a request been made, the signals would have been turned on. The District took no precautions to assure that the approaches to the school grounds were safe.

Plaintiff had played on the school grounds numerous times. However, to get to the school, she had walked under a bridge rather than across B Street. Her parents allowed her to go under the bridge only in daytime, and she had never before crossed B Street at night.

For three days, plaintiff had planned to see the show. On the night of the show, the activity at the school grounds could be seen and heard from her apartment. Just at dusk, plaintiff started across B Street in the company of a nine-year-old companion. She did not proceed in the marked crosswalk. While crossing at a point just east of one of the inactive traffic signals, plaintiff was hit and injured by a car driven by defendant Posey Grier, Jr.

Plaintiff brought this action initially against Grier and the District. It was later determined that Grier was neither speeding nor driving carelessly, and the claim against him was dismissed on plaintiff's motion.

In her claim against the District, plaintiff alleged that it should have known that small children would be enticed to cross B Street and that it negligently failed to take reasonable precautions to insure the children's safety in so doing. Plaintiff contends that the trial court erred in granting summary judgment and argues that whether her accident and injury were foreseeable, and therefore whether a duty should be imposed on defendant, is a question of fact which should have been left to the jury for its determination. We disagree.

■ A failure to act may constitute negligence. *Pearson v. Norman,* 106 Colo. 396, 106 P.2d 361 (1940). However, before a negligence action can be maintained, there must be a duty of care owed by the defendant to the plaintiff or to the class of which she is a member, and a breach by defendant of that duty with resultant damages. *Roessler v. O'Brien,* 119 Colo. 222, 201 P.2d 901 (1949). *See Maercklein v. Smith,* 129 Colo. 72, 266 P.2d 1095 (1954). *See also W. Prosser, Torts,* § 56 (4th Ed.1971). Whether there is such a duty is a question of law to be decided by the court based on the facts presented. It is not a matter to be decided by a jury. *Roessler v. O'Brien, supra.*

Plaintiff cites numerous "Pied Piper" cases, including *Thomas v. Goodies Ice Cream Co.,* 13 Ohio App.2d 67, 233 N.E.2d 876 (1968) (vendor selling ice cream to children in the street) in support of her contention that the court should have found that a duty existed. However, the instant case is readily distinguishable from *Thomas* and similar cases in that in those cases the children were lured into the street where moving traffic is a known danger and the transactions with the children occurred in that area of danger.

■ In negligence cases, foreseeability is a prerequisite to the imposition of a duty, *McMillan v. Hammond,* 158 Colo. 40, 404 P.2d 549 (1965); *Wetzel v. Bates,* 128 Colo. 6, 259 P.2d 291 (1953), but whether the law imposes a duty does not depend on foreseeability alone. There are many other factors which must be considered before a court may declare, as a matter of law, whether a duty exists.[1]

■ Here, even if we assume that the risk of injury to plaintiff existed and was foreseeable, after considering the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon the defendant, *Lance v. Senior, supra,* and after weighing the social utility of defendant's fire prevention activities against any culpability or moral blame which might have existed, we conclude that the trial court was correct in entering summary judgment for defendant. Whatever duty, if any, the District owed to the public, including this plaintiff, to provide a reasonably safe means of ingress and egress to and from the school grounds, such duty did not include providing a hazard-free crossing over a public roadway 150 yards from the area controlled by the District.

1. *See* for example, *Renslow v. Mennonite Hospital,* 67 Ill.2d 348, 10 Ill.Dec. 484, 367 N.E.2d 1250 (1977); *Lance v. Senior,* 36 Ill.2d 516, 224 N.E.2d 231 (1967); *Amaya v. Home Ice, Fuel & Supply Co.,* 59 Cal.2d 295, 29 Cal.Rptr. 33, 379 P.2d 513 (1963); *Wright v. Arcade School District,* 230 Cal.App.2d 272, 40 Cal.Rptr. 812, 813 (1964); *Raymond v. Paradise Unified School District,* 218 Cal.App.2d 1, 31 Cal.Rptr. 847 (1963). *See also W. Prosser, Torts* § 53 at 326 (4th Ed. 1971); *Green, The Duty Problem in Negligence Cases,* 28 Columbia L. Rev. 1014 (1928) and 29 *Columbia L. Rev.* 225 (1929); *Green, Foreseeability in Negligence Law,* 61 Columbia L. Rev. 1401 (1961).

*See MacLean v. Parkwood, Inc.,* 354 F.2d 770 (1st Cir. 1966).

Judgment affirmed.

SILVERSTEIN and RULAND, JJ., concur.