**Walter THIRSK and Mack N. Whitaker and Billy N. Hollis, Plaintiffs-Appellees,**

v.

**ETHICON, INC., a corporation and subsidiary of Johnson & Johnson, a corporation, Defendant-Appellant.**

No. 80CA1061.

Colorado Court of Appeals, Div. I.

Dec. 29, 1983.

Rehearing Denied Feb. 16, 1984.

Certiorari Denied Sept. 4, 1984.

Criswell, Patterson, McNamara, Myles & Bell, John A. Criswell, Englewood, for plaintiffs-appellees.

Tilly & Graves, Ronald O. Sylling, John W. Grund, Denver, Patterson, Belnap, Webb & Tyler, David F. Dobbins, New York City, for defendant-appellant.

ENOCH, Chief Judge.

In this products liability action, defendant Ethicon, Inc., appeals from the judgments for each of the plaintiffs entered on the jury's verdicts. We reverse and remand.

The plaintiffs, Walter Thirsk, Mack Whitaker, and Billy Hollis, whose cases were consolidated for trial, sued defendant

claiming that in the course of surgery, they had become infected by a surgical bone wax manufactured by defendant. They alleged that the wax was contaminated with the organism, mycobacterium fortuitum. The cases were tried on the theory of strict liability.

## I.

■ Ethicon first contends that the trial court erred in an instruction given to the jury. The instruction stated that:

"In order for the plaintiffs, Walter Thirsk, Mack Whitaker and Bill Hollis, to recover from the Defendant, Ethicon, Inc., a corporation and subsidiary of Johnson & Johnson, a corporation, on Plaintiffs' claims for damages from the sale of a defective product, you must find both the following have been proved:

(1) The bone wax was defective and because of the defect, the bone wax was unreasonably dangerous to a person who might reasonably be expected to use, consume or be affected by the bone wax; and

(2) The Plaintiffs incurred injuries, damages and losses caused by the defect in the bone wax.

If you find that either of these propositions has not been proved by a preponderance of the evidence, then your verdict must be for the Defendant.

On the other hand, if you find that both these propositions have been proved by a preponderance of the evidence, then your verdict must be for the Plaintiffs."

This instruction was incorrect because it created an irrebuttable presumption that if the product was defective, unreasonably dangerous and caused injuries, the defendant would be strictly liable, *regardless* of when the defect arose.

At the time of trial, July 28, 1980, the law of strict liability was governed by the principles stated in *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983

(1976) and CJI—Civ.2d 14:18 (1980), *i.e.*, that the plaintiff had to prove that the product was defective at the time it was sold by or left the defendant's control. Defendant's tendered instruction patterned after CJI—Civ.2d 14:18 (1980), rejected by the trial court.

Since this trial, however, in a products liability cases involving express or implied warranties, announced in October 1980, the Supreme Court held that, as to when the defect occurred, the plaintiff need only show that a defect existed at the time the product first came into plaintiff's possession. Nevertheless, the Supreme Court also held that a defendant, be it the manufacturer, distributor, or seller, could as a matter of defense show that the product was not defective when it left the defendant's control. *Prutch v. Ford Motor Co.*, 618 P.2d 657 (Colo.1980).

This rationale was extended to cover strict liability actions in *Van Hoose v. Blueflame Gas, Inc.*, 642 P.2d 36 (Colo. App.1982) (cert. granted, March 8, 1982). Thus, although the instruction given was basically correct under the present law concerning plaintiff's burden of proof as to when the defect arose, it was still fatally defective because it precluded the jury from considering any of defendant's evidence that the product was not defective when it left defendant's control.

Therefore, on remand, if as in the first trial, the defendant presents any evidence that the product was not defective when it left the defendant's control, the jury must be instructed that the defendant cannot be held liable if the defendant has proved, by a preponderance of the evidence, that the product was not defective when it left the defendant's control. *See Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo.1983).

## II.

Inasmuch as the following evidentiary issues are likely to arise again at retrial, we will address them at this time.

Defendant first contends that the trial court erred in excluding its expert testimony as to the other possible causes of infection, raised by plaintiffs. We agree.

Plaintiffs' expert witnesses testified that to a reasonable degree of medical probability, the bone wax was contaminated. Their opinion was based on a process of eliminating all other possible sources of infection, and they testified in detail as to why they had eliminated each of these possible sources. Defendant, in its defense, sought to establish that the wax was not defective and that because the possible causes raised by plaintiffs did exist, one could not conclude with a reasonable medical probability that the bone wax caused the infection.

The court ruled that defendant's expert witnesses could testify that, in their opinion, one could not conclude with reasonable medical probability that the bone wax was contaminated. Furthermore, defendant's experts were allowed to testify that the bases of their opinions were that there existed those possible causes of infection raised by plaintiffs. However, even though the court had allowed plaintiffs' experts to testify in detail as to each possible cause, it would not allow defendant's experts to testify in detail as to each of the possible causes, because the defendant could not, with reasonable medical probability, state exactly which of the other sources caused the infections.

■ A medical opinion is admissible if founded on reasonable medical probability. *Houser v. Eckhardt,* 168 Colo. 226, 450 P.2d 664 (1969). *See* CRE 702. Medical experts also are allowed, under the Colorado Rules of Evidence, to state the bases of their opinions. CRE 705. Where, as here, there exist various possible causes of the injury and the burden of proving causation rests on the plaintiffs, defendant's experts should be allowed to state their opinions and articulate the bases of their opinions in detail, as did plaintiffs' experts. *See Riss & Company, Inc. v. Galloway,* 108 Colo.

93, 114 P.2d 550 (1941); *Gavin v. Kniffen,* 82 Colo. 448, 261 P. 6 (1927).

■ By unduly limiting defendant's expert testimony on the grounds that its experts must state with reasonable medical probability exactly which one of the sources caused the infection, while allowing plaintiffs' experts to discuss in detail why the other possible sources had been eliminated as the cause of infection, the trial court effectively shifted the burden of proof to defendant to show that some source other than the bone wax caused the infection. On retrial defendant's experts should be allowed to state their opinions and the bases of such opinions in detail to rebut the testimony of plaintiffs' experts.

■ Defendant further contends that the trial court erred in admitting plaintiffs' exhibits X, Y, Z, and AA, consisting of Food and Drug Administration reports, and defendant's internal business memoranda, exhibits JJJ–VVV, because such exhibits were irrelevant. We disagree.

Under CRE 401, " 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under the state of the evidence before the court, we hold that the exhibits in question were relevant and admissible.

Defendant's final contention is that the trial court erred in admitting certain of plaintiff's exhibits because they are hearsay. We disagree, with a minor qualification.

■ The court found that certain portions of the F.D.A. reports, plaintiffs' exhibits X, Y, Z, and AA, were admissible under CRE 803(8). We agree because the portions admitted were either matters observed pursuant to a duty imposed by law, or they consisted of factual findings resulting from an investigation made pursuant to authority granted by law. *See* 21 U.S.C. § 372 and § 374 (1976).

■ The trial court further found that the remaining portions of the F.D.A. reports, also a part of plaintiffs' exhibits X, Y, Z, and AA, and plaintiffs' exhibits H, I, J, and JJJ–VVV were admissible under the business records exception of CRE 803(6). In order to have evidence properly admitted under this exception, the offeror must show that the report or record was made from information transmitted by a person with knowledge, that such record was kept in the course of a regularly conducted business activity, and that it was a regular practice of that business activity to make the report or record. Our decision in *Great West Food Packers v. Longmont Foods Co.*, 636 P.2d 1331 (Colo.App.1981) furthermore makes it clear that the person from whom the information was transmitted must be acting under a business duty to transmit such information.

■ Except for the Product Complaint Forms B in plaintiffs' exhibit Y, the Product Complaint Forms B in plaintiffs' exhibits H and I, the Patient-Related Complaint in Exhibit J, and the Complaint Forms A in plaintiffs' exhibits JJJ–VVV, these exhibits meet these requirements of CRE 803(6) and were properly admitted by the trial court. Therefore, except as noted, all of these exhibits, including those portions of the F.D.A. reports admitted under CRE 803(8) should be admitted on retrial, provided a proper foundation is laid and the sources of information or other circumstances do not indicate a lack of trustworthiness.

■ It is unclear from the exhibits and the record whether the persons who transmitted the information appearing on the complaint forms, noted as exceptions to our holding above, were acting under a business duty to transmit such information. On retrial, therefore, the trial court may admit these forms for the truth of the matters asserted therein only if this requirement of the business records exception is met. *See Great West Food Packers v. Longmont Foods Co., supra.* If this requirement is not met, the forms in question can be admitted only to show that complaints were made and not to show that the events stated in the complaints occurred, and under these circumstances, the jury must be properly instructed as to the limited admissibility of these forms. CRE 105.

The judgments are reversed and the causes remanded for new trial consistent with the view expressed herein.

BERMAN and TURSI, JJ., concur.