**ADAMS COUNTY DEPARTMENT OF SOCIAL SERVICES ex rel. Patricia Ann TYLER, Plaintiff-Appellee,**

v.

**Almond Wesley TYLER, Defendant-Appellant.**

**No. 83CA0030.**

Colorado Court of Appeals, Div. II.

Jan. 9, 1986.

Ingrid H. Holmes, Asst. County Atty., Commerce City, for plaintiff-appellee.

Butler, Landrum, Pierce & Turner, P.C., Donald L. Banghart, Lakewood, for defendant-appellant.

STERNBERG, Judge.

Defendant, Almond Wesley Tyler, appeals from a judgment awarding the Adams County Department of Social Services $13,393 in payment of AFDC support obligations he allegedly owed the Department. On appeal, he argues, *inter alia*, that the trial court erred in admitting, as a hearsay exception under CRE 803(6), a computer printout detailing payments made by the Department. We agree.

CRE 803(6) allows introduction of data compilations "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the ... data compilation, all as shown by the testimony of the custodian or other qualified witness...."

There was a total absence of these foundational requirements here. The printout was received in evidence on assurance by counsel for the Department and vague testimony by defendant's wife. Such testimony is insufficient to meet the requirement of the Rule. *See Thirsk v. Ethicon, Inc.*, 687 P.2d 1315 (Colo.App.1983). There was no other evidence proving the amount of the support obligation.

Defendant's other allegations of error are without merit.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and VAN CISE, JJ., concur.