Thomas S. **WHITE** and Dianne L. White, Plaintiffs-Appellants,

v.

**PINES ENTERPRISES, INC.,** a Colorado corporation, Defendant-Appellee.

No. 84CA0467.

Colorado Court of Appeals, Div. III.

Oct. 30, 1986.

Williams, Trine, Greenstein & Griffith, P.C., J. Conard Metcalf, Boulder, for plaintiffs-appellants.

Hall & Evans, Alan Epstein, Kevin O'Brien, Denver, for defendant-appellee.

VAN CISE, Judge.

In this slip and fall case, plaintiffs, Thomas and Diane L. White, appeal a judgment of dismissal entered pursuant to a jury verdict that defendant, Pines Enterprises, Inc., had not been negligent. Plaintiffs claim the court committed prejudicial error by giving two instructions and refusing to give another. We reverse.

American Continental Corporation, doing business as Medema Homes (the owner), was the owner and builder of a housing development, and defendant, Pines Enterprises, Inc. (the landscaper), was one of the subcontractors. On December 10, 1981, the landscaper completed the installation of a sprinkling system and the planting of sod adjacent to a sidewalk leading to one of the show homes. Its contract with the owner required it to water the sod in the early morning and late afternoon for at least eight days following placement. Pursuant to contract, it operated the sprinklers and watered the sod and the sidewalk in the morning and afternoon of December 18, a cold and windy day.

On that afternoon, in response to advertisements, plaintiffs visited the development. They stepped on the sidewalk which, by that time, was covered with a thin sheet of transparent ice, and plaintiff Thomas White slipped and fell and injured his back.

Suit was filed against the owner and the landscaper. Prior to trial, plaintiffs settled their claim against the owner, and a jury trial resulted in the verdict that the remaining defendant, the landscaper, had not been negligent.

I.

The trial court instructed the jury on the elements of liability when comparative negligence has been raised as an affirmative defense, using *CJI–Civ.2d* 9:2 (1984 Supp.). Immediately following that instruction, and over plaintiffs' objection, it gave a separate instruction as follows:

"Before a defendant can be deemed negligent, it must be proven by the plaintiffs by a preponderance of evidence that the defendant, Pines Enterprises, Inc., had a duty owing to the plaintiff, Thomas S. White."

Plaintiffs contend that giving this instruction unlawfully added an extra element for the jury to find—that the landscaper owed plaintiff a duty—which should have been decided as a matter of law by the trial court. We agree.

Whether there is a duty of care to plaintiff is not a matter to be submitted to or decided by a jury. *Turner v. Grier*, 43 Colo.App. 395, 608 P.2d 356 (1979). It is a question of law for decision by the trial court. *Smith v. City & County of Denver*, 726 P.2d 1125 (Colo.1986); *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980).

The trial court erred in not making that determination itself rather than leaving it for decision by the jury. The error was compounded by the failure to give any instruction defining "duty" to assist the jury in arriving at its decision on this non-jury issue.

The jury's finding that the landscaper was not negligent could very well have been predicated upon a conclusion by the jury that the existence of a "duty owing" had not been proven by plaintiffs. Thus, the giving of this instruction constituted prejudicial error. *See Samuelson v. Chutich*, 187 Colo. 155, 529 P.2d 631 (1974).

II.

The landscaper argues that giving the duty instruction constituted harmless error because it owed no duty to plaintiff and the

trial court should have directed a verdict in the landscaper's favor. We do not agree.

■ Here, the landscaper, by sprinkling the sidewalk on a cold and windy day in mid-December, knowing that prospective home buyers would be using that sidewalk, owed a general duty of care to all persons who might reasonably be foreseen to incur physical injuries as a result of such conduct. *Leppke v. Segura,* 632 P.2d 1057 (Colo.App.1981); Restatement (Second) of Torts § 302, comment a. *See also Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971). Plaintiffs were within that class of persons. Whether the landscaper actually breached that duty and thereby caused plaintiff's injuries is a question of fact to be resolved by the jury. *Metropolitan Gas Repair Service, Inc., supra.*

### III.

We agree with plaintiffs that the tendered instruction pertaining to the criteria for holding the landscaper liable to plaintiffs for negligent performance of its undertaking to clear the sidewalk, should have been given to the jury. It was based on Restatement (Second) of Torts § 324A (1965), was encompassed by the complaint and trial data certificate, and was supported by evidence.

We also agree that the instruction as given regarding premises liability was incorrect because it referred to an "occupier of premises," instead of "one conducting activities" on the premises. Since there was only one defendant in the case, this distinction should be clarified during the second trial. The changes, if any, occasioned by the 1986 amendment to § 13–21–115, C.R.S., are applicable only to causes of action arising on or after May 16, 1986.

The judgment is reversed, and the cause is remanded for a new trial.

KELLY and METZGER, JJ., concur.