Donald F. SONGER, Jr.,
Plaintiff–Appellee and
Cross–Appellant,

v.

William J. BOWMAN, Defendant–Appellant and Cross–Appellee.

Nos. 89CA0254, 89CA1302.

Colorado Court of Appeals,
Div. IV.

Aug. 16, 1990.

Rehearing Denied Sept. 27, 1990.

Certiorari Granted Jan. 28, 1991.

Law Office of Susan Graham Barnes, Susan Graham Barnes and Kripke, Epstein & Lawrence, P.C., Joseph M. Epstein and Kenneth N. Kripke, Denver, for plaintiff-appellee and cross-appellant.

Cooper & Kelley, P.C., Paul D. Cooper, Barbara H. Glogiewicz and Ann M. Thompson, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge REED.

Defendant, William J. Bowman, appeals the judgment entered on a jury verdict in favor of plaintiff, Donald F. Songer, on his claim for medical malpractice and the trial court's award of plaintiff's costs. We affirm in part, reverse in part, and remand with directions.

Defendant, a licensed physician specializing in the field of dermatology, prescribed the medication Oxsoralen to be applied by plaintiff in treating his skin condition. This drug is activated by exposure to ultraviolet light, either natural or artificial. Plaintiff's application of the drug to his feet and legs and their subsequent exposure to sunshine resulted in his suffering burns and injuries.

Plaintiff thereafter brought this action alleging defendant was negligent in prescribing and directing the usage of the medication and in failing to warn plaintiff of the hazards, risks, and effects of the drug incident to its use. Plaintiff asserted no claim based upon a theory of lack of informed consent. Whether the application and exposure to sunlight was in accordance with the doctor's directions was in dispute at the trial.

The jury returned a verdict in favor of the plaintiff. The trial court initially granted defendant's motion for new trial, but on plaintiff's motion to reconsider, which was filed more than fifteen days after the granting of the motion for new trial, it reinstated the jury verdict and entered judgment thereon.

### I.

Defendant contends that the trial court erred in reinstating the jury verdict

pursuant to plaintiff's motion to reconsider because the motion was untimely under C.R.C.P. 59. He argues that, as a result, the court's previous order granting a new trial remains in effect. We disagree.

C.R.C.P. 59 requires a motion for post-trial relief to be filed within 15 days after judgment. By its terms, this rule is applicable to those motions which seek to vacate, amend, or modify the judgment entered. Here, plaintiff's motion for reconsideration does not challenge the entry of the judgment. Rather, it is directed to the order granting a new trial.

An order granting a new trial does not constitute a final judgment. *Andrews v. Hayward*, 149 Colo. 585, 369 P.2d 980 (1962). Rather, it is an order which is interlocutory in nature, and by reason thereof, the trial court retains jurisdiction to modify or rescind the order prior to the entry of any final judgment thereafter. *See Gallimore v. Missouri Pacific R.R. Co.*, 635 F.2d 1165 (5th Cir.1981).

As succinctly stated by Professor Moore in discussing comparable provisions of Fed. R.Civ.P. 59:

"Since an order granting a new trial is an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter, or amend the interlocutory order is not subject to the limitations of Rule 59...."

6A. J. Moore, Federal Practice ¶ 59.13(2) at 59–279 (2d ed. 1989).

We therefore conclude that, contrary to defendant's assertion, plaintiff's motion for reconsideration filed more than 15 days after the trial court's order granting a new trial was not untimely as being contrary to the limitations set forth in C.R.C.P. 59.

## II.

■ Defendant next contends that the trial court erred by instructing the jury that a claim of negligence could be predicated upon a theory of failure to warn of dangers of a prescribed medication. We disagree.

Central to defendant's argument is that the duty of a physician to warn as to the dangers of a medical procedure or prescribed medication is a doctrine which is relevant only to the claim of lack of informed consent, not asserted here by the plaintiff, and that it has no applicability to a claim based upon negligence. We reject this contention.

■ A specialist is required to exercise the degree of care and possess the degree of knowledge and skill ordinarily possessed by persons practicing within that specialty. *Bloskas v. Murray*, 646 P.2d 907 (Colo. 1982).

While the failure to warn of dangers inherent in a medical procedure may subject a physician to liability under the theory of lack of informed consent by the patient, it is also relevant and probative to a claim of negligence. *See Hamilton v. Hardy*, 37 Colo.App. 375, 549 P.2d 1099 (1976); *see also Bloskas v. Murray, supra* (the doctrine of informed consent does not subsume a medical malpractice claim based upon negligent misrepresentation); *Kirk v. Michael Reese Hospital & Medical Center*, 136 Ill.App.3d 945, 91 Ill.Dec. 420, 483 N.E.2d 906 (1 Dist.1985) (it is the duty of physicians to warn their patients of the adverse effects of prescribed medications).

Here, plaintiff testified that the defendant failed to disclose the dangerous effects associated with the use of the medication. He further testified that he had exposed the infected portions of his body to sunlight, after application, as directed by the defendant. The defendant, however, testified that this exposure was twice as long as that which he directed. In addition, plaintiff's expert medical testimony asserted that, because of the powerful photosensitive nature of the drug, the prevailing standard of care required that the patient be advised of the dangerous effects of burning associated with the drug if not properly used.

Accordingly, there was a sufficient evidentiary basis upon which the jury could find that the defendant's failure to warn as to the usage of the drug and the hazards from its improper use fell below the standard of care required of doctors in defendant's specialty. Thus, the instruction on

failure to warn, while not a model of clarity, properly advised the jury on this element of defendant's claim.

■ For the first time on this appeal, the defendant contends that the trial court erred in failing to instruct the jury upon the doctrine of informed consent. However, defendant's failure to request such an instruction at trial precludes our consideration of that issue. *See Kennedy–Fudge v. Fink*, 644 P.2d 91 (Colo.App.1982).

## III.

Defendant also contends the trial court erred in not instructing the jury on plaintiff's intentional acts. We disagree.

■ Injuries which are exacerbated by, or are a result of, a patient's failure to follow a physician's advice are not chargeable to the physician. *See Pearson v. Norman*, 106 Colo. 396, 106 P.2d 361 (1940). Thus, a patient may not recover for damages that are the result of his failure to follow a physician's advice. Nonetheless, refusal to instruct on a particular issue is not prejudicial if any instruction given covers the subject of the tendered instruction. *Sniezek v. Cimino*, 146 Colo. 119, 360 P.2d 813 (1961).

■ Here, the trial court instructed the jury regarding plaintiff's contributory negligence. That instruction sufficiently covered defendant's request for an instruction regarding plaintiff's intentional conduct because the essence of defendant's request was to permit the jury to consider plaintiff's conduct. And, in fact, the jury did consider plaintiff's conduct as is evidenced by its finding which reduced the damage award because of plaintiff's failure to follow defendant's advice.

## IV.

Defendant further urges that the trial court erred in admitting various items of evidence.

### A.

Defendant contends that the trial court erred in admitting the manufacturer's warning contained in the Physicians' Desk Reference (PDR). We disagree.

■ A manufacturer's warning does not set an absolute standard of care, *Hamilton v. Hardy, supra*, but the PDR was not used in this case to create such a standard. Rather, plaintiff's experts referred to the PDR to demonstrate that there was a reference source available to defendant which described the dangerous characteristics of the drug. Such use was a permissible means of indicating defendant's negligence.

Moreover, defendant could have challenged the importance of the PDR by cross-examining the experts as to the basis of their opinions. *See Roberts v. C & M Ready Mix Concrete Co.*, 767 P.2d 769 (Colo.App.1988). Thus, we conclude that no error occurred.

### B.

Defendant further contends that the trial court erred in admitting the opinions of plaintiff's experts. We disagree.

The trial court is given broad discretion in deciding whether a person is qualified as an expert, and its decision is only reviewable for an abuse of discretion. *People v. Giles*, 192 Colo. 240, 557 P.2d 408 (1976). Defendant argues, however, that the challenged opinions should not have been admitted because they were based on assumptions at variance with the facts.

■ In arriving at their opinions, plaintiff's experts assumed that plaintiff's condition was not severe prior to earlier treatment by a doctor other than the defendant. This assumption was supported by inference from plaintiff's testimony that this physician was the first doctor he consulted, thus indicating the problem was not severe enough to warrant concern prior to that time. An assumption supported by evidence is permissible. *See Riss & Co. v. Galloway*, 108 Colo. 93, 114 P.2d 550 (1941). Thus, plaintiff's experts' opinions were based on valid assumptions not at variance with the facts and, therefore, were permissible.

### C.

 Defendant next contends that the trial court erred by admitting a deposition of a doctor regarding causation of plaintiff's injuries. We agree, but find this error to be harmless.

A medical opinion is only admissible if founded on reasonable medical probability. *Thirsk v. Ethicon Inc.*, 687 P.2d 1315 (Colo.App.1983).

Here, the deposition does not establish that the doctor's testimony was based on reasonable medical probability. To the contrary, he uses words such as "possibility" and "might" when discussing plaintiff's current skin condition. As the testimony was not based on reasonable medical probability, it should have been excluded.

Nonetheless, we conclude that the doctor's testimony regarding causation was cumulative to the evidence of plaintiff's other experts. Furthermore, it was defendant's counsel who questioned the doctor on whether plaintiff's skin condition was affected by the prior burns.

We conclude that the testimony did not adversely affect the fairness of the trial or substantially influence the outcome and that, therefore, it was harmless error to admit the testimony. *See Banek v. Thomas*, 733 P.2d 1171 (Colo.1986).

### V.

Defendant finally contends that the trial court erred in calculating the award of plaintiff's costs. We agree.

 Although a trial court has discretion in awarding costs, here, the parties who were deposed either testified in person or their depositions were not used at trial. Consequently, the costs related to the depositions are not recoverable. *See Morris v. Redak*, 124 Colo. 27, 234 P.2d 908 (1951). In addition, the experts' travel expenses are not recoverable because they were not out-of-state witnesses under subpoena. *See Crawford v. French*, 633 P.2d 524 (Colo.App.1981).

 The trial court also erred in awarding investigative and paralegal expenses because they are not costs recoverable under § 13–16–122, C.R.S. (1987 Repl.Vol. 6A). However, expert witness fees, including compensation for trial preparation, are recoverable. *See Shultz v. Linden–Alimak, Inc.*, 734 P.2d 146 (Colo.App.1986). Therefore, plaintiff is entitled to recover the reasonable costs related to his experts' preparation time and testimony time.

Thus, the case must be remanded to the trial court for the sole purpose of recalculating plaintiff's costs consistent with our ruling.

The judgment is affirmed in all respects, except as to the award of costs. That part of the judgment is reversed, and the cause is remanded for further proceedings on that issue consistent with this opinion.

TURSI and METZGER, JJ., concur.