Jose S. C. SALAZAR and Virginia S. Salazar, Individually and as parents of Randolph M. Salazar, a minor, Juan D. Salazar, a minor, and Kenneth L. Salazar, a minor; Randolph M. Salazar, by and through his next friend Jose S. C. Salazar; Juan D. Salazar, by and through his next friend, Jose S. C. Salazar; Kenneth L. Salazar, by and through his next friend, Jose S. C. Salazar; Larry R. Ball and Joyce Ball, Individually and as parents of Lawrence R. Ball, a minor; Lawrence R. Ball, by and through his next friend, Joyce Ball; David A. Vigil, and Mary E. Vigil, Individually and as parents of Ronald E. Vigil, a minor; Ronald E. Vigil, by and through his next friend, David A. Vigil, Plaintiffs–Appellants,

v.

The CITY OF SHERIDAN, a Municipal Corporation of the State of Colorado, Defendant–Appellee,

and

City and County of Denver, a Municipal Corporation of the State of Colorado; County of Arapahoe, a corporate body; Board of County Commissioners of the County of Arapahoe; South Suburban Metropolitan Recreation and Park District; and Colorado Disposal, Inc., a Colorado Corporation; Roger L. Webb, D. M. Simmons and Paul T. Van Winkle, Individually and as Co–Venturers of 4150 Joint Venture; and 4150 Joint Venture, a Joint Venture, Defendants.

No. 79CA1172.

Colorado Court of Appeals, Div. I.

·July 3, 1980.

Rehearing Denied July 31, 1980.

Edward A. Jersin, Julie M. Reardon, Denver, for plaintiffs–appellants.

Kenneth C. Groves, Denver, for defendant–appellee.

VAN CISE, Judge.

Plaintiffs appeal a summary judgment entered in favor of the City of Sheridan (Sheridan). We reverse.

Plaintiffs, individually and as parents of children who were injured in August 1976 in an explosion of a storm sewer filled with methane gas, sued a number of defendants, including Sheridan. On this appeal, we are concerned only with plaintiffs' claims against Sheridan.

For purposes of summary judgment, the pleadings, affidavits, depositions, and exhibits establish the following undisputed facts. In May 1968 the Denver Board of Water Commissioners requested authorization from Sheridan to install a 48–inch storm sewer culvert under South Clay Street in Sheridan. This culvert would connect with an existing culvert and would carry storm drainage eastward to be discharged in the South Platte River. Sheridan authorized the installation and also accepted for maintenance the entrance to the culvert. For several years prior to the explosion, the land to the east of South Clay Street outside the city limits of Sheridan and above the existing storm sewer was used as a sanitary land fill. The operation of the land fill created methane gas, which seeped into and became trapped in the storm sewer.

In August 1976 plaintiffs' children were playing in Chase Park, which is in Sheridan and approximately 100 yards from the entrance to the storm sewer culvert. The children entered the sewer through the bars in the heavy metal grate (the trashrack) covering the entrance. These bars had apparently been bent or pried apart. At some point within the confines of the sewer, one of the children lit a match. The methane gas ignited, resulting in an explosion, fire, and injuries to the children.

Plaintiffs brought suit and provided notice to the public entity defendants in compliance with § 24–10–109, C.R.S. 1973. They alleged that Sheridan was liable on three alternate theories: (1) negligently maintaining, in too close proximity, Chase Park and a storm sewer which could be entered easily by children of tender years; (2) maintaining an "attractive nuisance" based on the fact that the sewer and the entrance thereto located in Sheridan were attractive to children; or (3) negligence in failing to take reasonable precautions to prevent the entry of children into the sewer. Plaintiffs further alleged that Sheridan knew or, in the exercise of reasonable care, should have known that young children were entering the sewer, and that it knew or should have known about the presence of methane gas in the sewer. Summary judgment was entered in favor of Sheridan on all three theories of liability.

We see no basis for imposing liability on Sheridan based on the existence of Chase Park. The park was owned, controlled, operated, and maintained by defendant South Suburban Metropolitan Recreation and Park District, and there was no showing that Sheridan had any responsibility or duty in connection therewith. Where no duty is owed, liability cannot be imposed. *Turner v. Grier*, Colo.App., 608 P.2d 356 (1979).

However, Sheridan did have a duty arising from its contractual acceptance of the responsibility for maintenance of the sewer entrance. This duty extended beyond merely installing a trashrack; it was to maintain the entrance, and, in so doing, to use reasonable care. *See Mile High Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971). It appears that the bars on the trashrack were bent or had been pried apart sufficiently to allow children to enter the sewer. Sheridan is liable for breach of this duty if it knew, or should have known, that a condition existed which involved an unreasonable risk of harm to members of the public, and if it failed to take reasonable precautions to correct the condition. *Mile High Fence Co., supra.*

Sheridan also may owe another duty of care. The documents supplied in support of and in opposition to the summary judgment motion disclose a fact issue concerning whether the sewer and its entrance constituted an attraction to children. If so, Sheridan had a duty to take reasonable precautions to prevent children from entering the sewer or to protect from personal injury any children who might be attracted thereto. *See Simkins v. Dowis*, 100 Colo. 355, 67 P.2d 627 (1937).

Consequently, since a duty existed as a matter of law, summary judgment should not have been entered because numerous fact questions relating to whether Sheridan breached that duty remained, including: (1) whether the sewer and its entrance constituted an attraction to children; (2) whether Sheridan knew or should have known the condition of the sewer entrance and that children were entering the sewer; (3) whether it knew or should have known of the presence of methane gas in the sewer; (4) whether it improperly maintained the storm sewer entrance; and (5) whether improper maintenance, if any, was a cause of the children's injuries.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

COYTE and KIRSHBAUM, JJ., concur.