**Larry Gene JUSTUS, By and Through his Conservator, and Father, J.D. JUSTUS, Plaintiff-Appellant,**

**v.**

**JEFFERSON COUNTY SCHOOL DISTRICT R-1, Defendant-Appellee.**

**No. 82CA1404.**

Colorado Court of Appeals, Div. I.

Jan. 26, 1984.

Rehearing Denied March 8, 1984.

Certiorari Granted June 25, 1984.

Davidovich & Welton, Charles Welton, Denver, for plaintiff-appellant.

Madden & Strate, P.C., George J. Strate, Robert J. Carlson, Wheat Ridge, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Larry Gene Justus, a minor, by his father and conservator, J.D. Justus, appeals from a summary judgment entered against him by the trial court in a negligence action against defendant, Jefferson County School District R-1. We reverse and remand for a trial on the merits.

The various documents submitted to the court for determining the motion for summary judgment indicate that plaintiff was six years old and enrolled at an elementary school within the district. His usual method for travelling to and from school was to ride a school bus provided by the district.

On the day he was injured he missed the bus and, without his parents' knowledge, rode his bicycle to school. After school, he was riding his bicycle home when he was involved in an accident with an automobile.

The school had established procedures for busing students to and from school, and had provided this information to parents in pamphlet form. Plaintiff was among the students eligible to ride a bus. The pamphlet also set forth rules and regulations which provided that only students in the fourth, fifth, and sixth grades were granted permission to ride bicycles back and forth to school.

School officials had implemented the policy by establishing a plan for supervising students leaving the school by bike or bus. The plan included the posting of teachers in front of the school at the time school was dismissed, to enforce the school's rules and regulations and to observe and ascertain the safe departure of all students from school whether by bus or bicycle. There was evidence presented from which a jury could conclude that school officials could have foreseen the happening of this accident, if the school's on-premises precautions were not successfully implemented.

Before liability can be found in any negligence action, including those against a public entity, the existence of a duty of care must be determined, which is a question of law. *Wheeler v. Baker,* 636 P.2d 1326 (Colo.App.1981); *Salazar v. City of Sheridan,* 44 Colo.App. 443, 618 P.2d 708 (1980). Whether the law should impose a duty requires consideration of the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of an actor's conduct, the magnitude of the burden of guarding against the injury or harm, and the consequences of placing the burden upon the actor. *Iverson v. Solsbery,* 641 P.2d 314 (Colo.App.1982).

The issue here is whether the school district had a duty to protect its students from foreseeable harm against conditions existing off school district premises, under the circumstances of this case. The trial court ruled that there was no such duty. We disagree.

A school has a duty to supervise its students when they are on its premises. *Carroll v. Fitzsimmons,* 153 Colo. 1, 384

P.2d 81 (1963). Under most circumstances, there would be no duty as to protection of the pupils off the school premises. *See Turner v. Grier,* 43 Colo.App. 395, 608 P.2d 356 (1979). A school may, however, through its actions and policies, undertake such a duty, and we rule that it did so here. *See Wright v. Arcade School District,* 230 Cal.App.2d 272, 40 Cal.Rptr. 812 (1964).

The school, by its rules and regulations, undertook to restrict those students who would be permitted to travel to and from school by bus or bicycle. It implemented these regulations by placing teachers on guard to enforce the regulations, and it informed the parents that the regulations were in force. The school was also aware of off-premises dangers to students of plaintiff's age. It therefore assumed a duty to prevent a first grade student from leaving the grounds on a bicycle.

This case is analogous to *Flournoy v. McComas,* 175 Colo. 526, 488 P.2d 1104 (1971), where the complaint alleged negligence on the part of school officials for not having sufficient personnel available to protect children crossing a busy street adjacent to the school. There, the children were to engage in school activities on the other side of the street, but the allegations were similar to those here in that they pertained to the failure of school officials to fulfill a duty owed to students on or near the premises of the school.

There, the court stated:

> "Liability for the alleged negligence of [the school district defendants] must rest upon a factual determination of whether the negligence of [a third defendant] was reasonably foreseeable and within the risks created by their alleged negligent failure to provide adequate supervision and care.
>
> . . . .
>
> "[I]t cannot be said, as a matter of law, from the language of the complaint that [the school district] defendants, by reason of their alleged negligence, respectively, did not proximately cause the death of plaintiffs' decedent . . . ."

Here, the breach of duty, if any, occurred at the time the six-year old plaintiff left the school ground on his bicycle when school personnel were supposedly on guard against this unauthorized method of transportation by a first grader.

We add the admonition stated by the court in *Flournoy:*

> "It is to be noted that this holding in no way imputes any validity or lack of validity to the merits of plaintiffs' claim against the School District . . . ."

The summary judgment is therefore reversed and the cause remanded for trial on the issues of whether the duty was breached, and, if such breach of duty did occur, whether it was a cause of the injuries suffered by plaintiff, and, finally, if so, what damages may have been sustained.

BERMAN and METZGER, JJ., concur.