**Christine GILBERT, a minor by her parents and next friends, James GILBERT and Mary Ann Gilbert, and James Gilbert and Mary Ann Gilbert, individually, Plaintiffs-Appellants,**

v.

**The CITY OF ARVADA, a municipal corporation, Jefferson County School District R–1, Defendants-Appellees.**

No. 81CA1200.

Colorado Court of Appeals,
Div. III.

July 5, 1984.

As Modified on Denial of Rehearing
Aug. 2, 1984.

Certiorari Granted Jan. 14, 1985.

Richard L. Whitworth, Wheat Ridge, for plaintiffs-appellants.

Greengard, Blackman & Senter, Thomas S. Rice, Denver, for defendant-appellee The City of Arvada.

Wood, Ris & Hames, P.C., F. Michael Ludwig, Jeffrey J. Cowman, Denver, for defendant-appellee Jefferson County School Dist. R–1.

STERNBERG, Judge.

The plaintiffs, Christine Gilbert and her parents James and Mary Ann Gilbert, appeal from summary judgments entered against them in their negligence action against defendants Jefferson County School District R–1 and the City of Arvada. We affirm as to the city, but reverse as to the school district.

The facts are undisputed. At about 11:15 on a February morning in 1978, Christine Gilbert, then five years old and enrolled in the kindergarten of Lawrence Elementary School, was walking home from school with a classmate. As the children crossed the intersection of Carr Street and Grandview Avenue, about five blocks west of the school, Christine was struck and injured by a car driven by Roy Miller.

The plaintiffs brought this action against defendants, Miller, the city, and the school district, claiming that these defendants were negligent and that their negligence caused Christine's injuries and her parents' expenses on Christine's behalf. The plaintiffs recovered· against Miller, and that judgment is not being appealed. The trial court entered summary judgments in favor of the city and the school district, and the propriety of these judgments is the subject of this appeal.

## I. *The Claim Against the City*

This claim is based on the city's alleged negligent design, construction, and maintenance of the intersection where the accident occurred. We perceive no basis for a finding of negligence by the city.

The Carr Street approaches to the intersection were controlled by stop signs. The four crosswalks at the intersection were clearly marked. There were stop lines and signs for east and west bound traffic on Grandview at or near the intersection to indicate the presence of pedestrian children. The speed limit was reduced for traffic on Grandview during critical hours of the school day. The south approach on Carr Street, from which Miller was driving, presented a clear view of the north crosswalk in which Christine was walking. The driver, Miller, struck Christine with his car because his attention had been diverted elsewhere.

A traffic engineer produced by the city stated in an affidavit that the intersection was designed and maintained in accordance with nationally recognized traffic engineering standards. The plaintiffs presented an affidavit from another engineer to the effect that the city could have installed a standard traffic signal light (with pedestrian push-button control) at the intersection and that installation of such a traffic light might have prevented the accident.

■ From the above, we agree with the trial court's conclusion that there was nothing to support plaintiffs' allegations that the city negligently designed, constructed, or maintained the intersection. The stop signs were properly in place. There were appropriate stop lines, marked crosswalks, and pedestrian signs. There was nothing to obstruct the view. That more could have been done, such as push-button stop lights, is irrelevant when what was done conformed to the standards. Also, here the accident happened, not because of any negligence on the part of the city, but because Miller failed to proceed with appropriate vigilance. Summary judgment was properly entered.

## II. *The Claim Against the School District*

The plaintiffs' claim against the school district is based on the district's alleged negligent failure to provide crossing guards or to take other precautionary action to prevent this type of accident. Because we perceive issues of fact which should be resolved by the trier of fact, we reverse the summary judgment in favor of the school district.

In the case of *Justus v. Jefferson County School District R–1*, 683 P.2d 805 (Colo. App.1984) (cert. granted June 25, 1984), the school district had established procedures for busing students to and from school and had prohibited students in the lower grades, which included the six-year-old plaintiff, from riding bicycles to and from

school. Teachers were posted at the end of the school day to enforce the regulations. Upon missing his bus one day, the plaintiff rode his bicycle to school and was involved in an accident while cycling home. This court held that, because the school district had undertaken a duty to protect its pupils off the school premises, a fact question existed as to whether the district was negligent in not extending its regulations to provide protection for the plaintiff.

■ The facts in the instant case are even more compelling than those in *Justus.* Here, there was evidence before the court stating that crossing guards were assigned to the subject intersection following the afternoon dismissal of all the other classes. Yet, no guards were supplied to supervise kindergarten children in crossing the very same intersection. In our view, if guards were in fact supplied for this intersection when other classes where dismissed, the failure to provide guards for the kindergarten class creates a very real factual issue whether the district was negligent in not affording protection, similar to that given the older children, to the youngest, most vulnerable children in its care. This issue must be resolved by the trier of fact.

The summary judgment in favor of the city is affirmed. The judgment entered in favor of the school district is reversed, and the cause is remanded for further proceedings.

METZGER, J., concurs.

VAN CISE, J., concurs in part and dissents in part.

VAN CISE, Judge, concurring in part and dissenting in part.

I concur with Part I, but respectfully dissent from Part II of the majority opinion.

The subject intersection is about five blocks from the school. Crossing guards were utilized at the subject intersection during the afternoon school dismissal time but not when kindergartners were released in the morning.

As stated by the trial court, the fact situation here is analogous to *Turner v.*

*Grier,* 43 Colo.App. 395, 608 P.2d 356 (1979), in which plaintiff, a seven year old girl, was injured while crossing a street to reach the school grounds where defendant, a fire protection district, was conducting an after-hours show for children on fire prevention. On the subject street there were traffic signals which could flash yellow lights to warn vehicular traffic to slow to 20 miles an hour in the school crossing area. The fire district did not have the traffic signals activated. In *Turner,* this court said:

"In negligence cases, foreseeability [of the risk of an accident and injury] is a prerequisite to the imposition of a duty, ... but whether the law imposes a duty does not depend on foreseeability alone. There are many other factors which must be considered before a court may declare, as a matter of law, whether a duty exists.

"Here, even if we assume that the risk of injury to plaintiff existed and was foreseeable, after considering the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon the defendant, ... and after weighing the social utility of defendant's fire prevention activities against any culpability or moral blame which might have existed, we conclude that the trial court was correct in entering summary judgment for defendant. Whatever duty, if any, the District owed to the public, including this plaintiff, to provide a reasonably safe means of ingress and egress to and from the school grounds, such duty did not include providing a hazard-free crossing over a public roadway 150 yards from the area controlled by the District."

*Turner* is dispositive on the issue of liability of the school district in the instant case. And I am not otherwise persuaded by the fact that crossing guards were assigned to the subject intersection following the afternoon dismissal of many grades of children. Having the guards present when several times as many children are released in the afternoon does not make it negligent not to provide guards when a single grade

is dismissed in the morning. Nor was there any duty on the part of the school district to provide any guards at the crossing at any time. Not providing guards at the crossing is analogous to not activating the flashing yellow lights in the *Turner* situation.

This court in *Justus v. Jefferson County School District R–1*, 683 P.2d 805 (Colo. App.1984), (cert. granted June 25, 1984, relied on by the majority, stated the general rule to be that "[u]nder most circumstances, there would be no duty as to protection of the pupils off school premises." It then went on to hold, in effect, that since the school district had undertaken the task of trying to provide protection for its students off the school premises, it was obligated so to do at all times and would be liable if an accident occurred at any time or place where the protection was not provided. I view that conclusion to be a nonsequitur and would not follow it.

Since I see no duty to provide crossing guards at an intersection five blocks from the school, I would affirm the judgment in favor of the school district.