Peggy Rae MENU, and Candyce L. Wolf, Plaintiffs–Appellants,

v.

John Dennis MINOR, Dennis Radel, and Yellow Cab, Inc., a Colorado corporation, Defendants–Appellees.

No. 86CA0643.

Colorado Court of Appeals, Div. II.

Sept. 17, 1987.

Gerald N. Weaver & Associates, P.C., Jeffrey S. Wittebort, Englewood, for plaintiffs-appellants.

Berenbaum & Weinshienk, Peter R. Bornstein, Denver, for defendants-appellees.

SMITH, Judge.

In this negligence action by plaintiffs, Peggy Rae Menu and Candyce L. Wolf, the trial court dismissed the action as to defendant Yellow Cab Company (Yellow Cab) for failure to state a claim upon which relief may be granted. Plaintiffs appeal, and we affirm.

The record reveals that on February 4, 1983, defendant John Dennis Minor (Minor) was driving a vehicle owned by defendant Dennis Radel on an interstate highway when he lost control of his car and it collided with a median wall ultimately coming to rest in a position that blocked one lane of the interstate. Some unknown time thereafter, a car driven by plaintiff Peggy Menu ran into the abandoned and inoperable car.

In the intervening time, a Yellow Cab driver had stopped and picked up Minor at the scene and had driven him to an unidentified location.

In their complaint against Yellow Cab, plaintiffs allege that, as a common carrier, that company had a duty, upon transporting Minor from the scene of the accident, to contact the authorities and notify them of the highway situation. They further asserted that Yellow Cab had a duty to remove the vehicle from blocking the highway, or otherwise to remain at the scene to warn oncoming motorists of the hazard. Under plaintiff's theory, these duties arise because Yellow Cab, as a common carrier, has a higher duty to the general public than the average motorist. From this premise plaintiffs reason that Yellow Cab, upon picking up Minor, entered into a special relationship under which it assumed a specific duty of care toward plaintiffs.

In addressing the motion to dismiss pursuant to C.R.C.P. 12(b) filed by Yellow Cab, the trial court concluded that Yellow Cab owed no such duty to plaintiffs and, accordingly, granted the motion. We agree with the trial court.

## I.

■ Yellow Cab first argues that the appeal is not timely because the trial court failed to certify the matter properly according to C.R.C.P. 54(b). We do not agree with defendant's argument that the dismissal as to Yellow Cab lacks finality because claims remain pending as to defendants Minor and Radel. At the time of dismissal, the trial court had proper jurisdiction based on service of process only over Yellow Cab. The record reflects that service of process on the remaining defendants was not effected; therefore, the question of claims pending against those defendants cannot properly be considered by us in this appeal. *See Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385 (Colo.App.1985).

Plaintiffs admit, and we agree, that the court's order in this matter sufficiently complies with C.R.C.P. 54(b). Any claims of plaintiffs against the remaining defendants are separate and distinct from the claim against Yellow Cab.

## II.

■ Plaintiffs initially contend that Yellow Cab, because of its status as a common carrier, assumed a duty to plaintiffs when its driver undertook to transport Minor. We disagree.

■ The question of whether a defendant owes a duty of care to prevent injury to others is a question of law to be determined by the court. *Smith v. City & County of Denver,* 726 P.2d 1125 (Colo. 1986). Plaintiff does not assert that there is any statutory duty imposed on Yellow Cab. In determining whether the law should impose a duty on defendant to prevent a particular harm to plaintiff, the court must consider several factors including the extent, foreseeability, and likelihood of injury, the social utility of the actor's conduct, the magnitude of the burden placed on the defendant to guard against the injury, and the consequences of placing that burden on defendant. *Justus v. Jefferson County School District R–1,* 683 P.2d 805 (Colo.App.1984) *rev'd in part on other grounds,* 725 P.2d 767 (Colo. 1986).

■ The "special relation rule" of Restatement (Second) of Torts § 315 (1965) adopted in *Leake v. Cain,* 720 P.2d 152 (Colo.1986) is applicable here to determine whether Yellow Cab owes a duty to plaintiffs. Under that principle, a duty of care exists if a person should reasonably foresee that his act, or failure to act, will involve an unreasonable risk of harm to another; however, no duty exists to prevent a third person from harming another unless there is a special relation between the actor and the wrongdoer or between the actor and the victim.

In order for a special relationship to have arisen in the instant case, the driver of Yellow Cab would have to have voluntarily assumed a duty to plaintiffs by acting affirmatively to induce plaintiffs to rely on him, or would have to have created a peril or changed the nature of the existing risk.

*Whitcomb v. City & County of Denver,* 731 P.2d 749 (Colo.App.1986).

The hazard in this case existed because of conditions outside Yellow Cab's control. There is no evidence in the record that Yellow Cab induced any reliance by plaintiffs. Neither Yellow Cab's failure to notify the police nor its transportation of Menu from the scene created a peril or changed the nature of an already existing risk. Nor did Yellow Cab act affirmatively in some way which affected plaintiffs. *See Whitcomb v. City & County of Denver, supra.* Hence, Yellow Cab's mere proximity to the dangerous situation on the highway, even with knowledge of the potential peril to third persons which existed, does not establish a special relationship imposing a duty on the driver to cure the condition. *See*

*Davidson v. City of Westminster,* 32 Cal. 3d 197, 185 Cal.Rptr. 252, 649 P.2d 894 (1982); *see also Whitcomb v. City & County of Denver, supra.*

We conclude that Yellow Cab did not enter into a special relation with plaintiffs upon which liability can be predicated. Plaintiffs' remaining contentions are without merit.

Judgment affirmed.

TURSI and BABCOCK, JJ., concur.