2012 COA 11

**Michael REA, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.**

No. 11CA0442.

Colorado Court of Appeals,
Div. IV.

Jan. 19, 2012.

Michael Rea, Pro Se.

Hall & Evans, L.L.C., Andrew D. Ringel, Samantha L. Halliburton, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

¶ 1 Plaintiff, Michael Rea, appeals pro se the judgment of dismissal entered by the district court in favor of defendant, the Corrections Corporation of America (CCA). We affirm.

## I. Background

¶ 2 CCA operates a private prison under contract with the Colorado Department of Corrections. According to Rea's allegations, a CCA sergeant searched his cell, seized documents about the widely known, unsolved murder of Jon Benet Ramsey, and started a rumor that Rea was involved in that murder. As the rumor spread, Rea faced an increased risk of violence from his fellow prisoners.

¶ 3 Rea instituted the present action, alleging, in a complaint, amended complaint, and supplemental complaint, claims of defamation, failure to provide protection, discrimination, and tampering with legal mail and witnesses, against CCA, the sergeant, and a CCA case manager. More specifically, Rea alleged that (1) the sergeant had defamed him by spreading the rumor about his involvement in the Jon Benet Ramsey murder; (2) the case manager had failed to protect him by failing to prevent the sergeant from spreading the rumor; (3) the sergeant was motivated to conduct the search (and to perform other acts against Rea) by his animus against sex offenders; and (4) a prison librarian responsible for copying his complaint shared it with a prison investigator, who, in turn, questioned inmates who had signed an affidavit attached to the complaint.

¶ 4 The amended complaint and supplemental complaint were ultimately served on CCA, but not on the sergeant or case manager. An unsuccessful attempt was made by CCA to remove the case to federal court. Following remand to state court, the district court, upon CCA's motion, dismissed the action against CCA.

## II. Appellate Court Jurisdiction

¶ 5 Initially, we address our jurisdiction over this appeal, even though neither party raised it as an issue. *See Meridian Ranch Metro. Dist. v. Colorado Ground Water Comm'n*, 240 P.3d 382, 385 (Colo.App. 2009) (appellate court may raise and resolve jurisdictional issue sua sponte).

¶ 6 Under section 13–4–102(1), C.R.S. 2011, this court has "jurisdiction over appeals from final judgments." Generally, to qualify as a final judgment, "an entire case must be resolved": "A final judgment 'ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 571 (Colo.App.2003) (quoting *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977)).

¶ 7 C.R.C.P. 54(b), however, creates an exception to the general rule that an entire case must be resolved by a final judgment before an appeal is brought. C.R.C.P. 54(b) provides, in pertinent part:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

¶ 8 Absent certification under C.R.C.P. 54(b), "litigation involving multiple claims or multiple parties is treated as a single action which is not final and appealable until all of the issues in the litigation are adjudicated." *Kempter v. Hurd*, 713 P.2d 1274, 1278 (Colo.1986).

¶ 9 Here, the district court only ordered the dismissal of the action against CCA. The court did not order the dismissal of the action against the sergeant and the case manager. The question, then, is whether the sergeant and the case manager, neither of whom was served with process, are nonetheless "parties" to the action for purposes of satisfying the final judgment rule. We conclude that they are not.

¶ 10 Because federal appellate jurisdiction also ordinarily depends on finality, see generally 28 U.S.C. § 1291, and because Fed. R.Civ.P. 54(b) is substantially similar to C.R.C.P. 54(b), we turn to federal authority to assist us in resolving the issue now before us. See generally *Luster v. Brinkman,* 250 P.3d 664, 666–67 (Colo.App.2010) (determining the finality of a postjudgment collection order); see also *State ex rel. Salazar v. General Steel Domestic Sales, LLC,* 129 P.3d 1047, 1049 (Colo.App.2005) ("Because Fed. R.Civ.P. 54(b) is substantially similar to C.R.C.P. 54(b), authority interpreting the federal rule is persuasive.").

¶ 11 The federal circuit courts of appeal uniformly " 'treat an improperly served defendant as never [having been] before the district court' for purposes of Rule 54(b)." See *Cambridge Holdings Group, Inc. v. Fed. Ins. Co.,* 489 F.3d 1356, 1360 (D.C.Cir.2007) (quoting *Kane Enters. v. MacGregor (USA) Inc.,* 322 F.3d 371, 374 n. 1 (5th Cir.2003)) (adopting the view held by eight other circuits, and noting that no other circuit has adopted a contrary view); see also 10 James Wm. Moore, *Moore's Federal Practice* § 54.25[2] (3d ed. 2011) ("[I]f the unadjudicated claims relate only to defendants who were not served with process and thus never properly made parties, it is generally held that an order disposing of the interests of the parties who actively participated in the litigation is final despite the absence of a Rule 54(b) certificate."); 15A Charles A. Wright et al., *Federal Practice and Procedure: Jurisdiction* § 3914.7 (2d ed. 1992) ("It is widely agreed that defendants who have not been served with process are not counted; a disposition as to all those who have been served is final.").

¶ 12 This makes eminent sense:

The failure to dispose of a claim against a served party renders an order unappealable because such a claim will necessarily involve further action by the parties or the district court. By contrast, when a district court dismisses a suit as to all served defendants and only an unserved defendant remains, there is generally no reason to anticipate additional proceedings before the district court. Indeed, unless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all.

*Cambridge Holdings Group, Inc.,* 489 F.3d at 1361.

¶ 13 Persuaded by the above-mentioned authorities, we conclude that named but unserved defendants are not litigants for purposes of determining the appealability of an order under the final judgment rule.[1]

### III. The Merits of Rea's Appeal

¶ 14 Rea contends, for a number of reasons, that the district court erred in dismissing his claims against CCA. We disagree.

¶ 15 Initially, we reject Rea's assertion that the district court erred in not having the complaint served on any of the defendants until months after he filed his original complaint. The delay in service of process was caused by Rea, as he failed to comply with the court clerk's order that he provide additional copies of the complaint for service. See *Negron v. Golder,* 111 P.3d 538, 541–42 (Colo.App.2004) (even when an administrative regulation limited a prisoner's access to photocopies, the court did not err by requiring the prisoner to produce multiple copies of the complaint for service).

¶ 16 We also reject Rea's assertion that, instead of dismissing the case against CCA, the court should have granted him a default judgment against CCA, because CCA had not filed a responsive pleading within twenty days of being served, nor had it ever filed an answer in state (as opposed to federal) court. Within twenty days of service,

---

1. Other divisions of this court have noted that a trial court may issue a Rule 54(b) certification when the court's order dismissed claims only against defendants who had been properly served. *See Menu v. Minor,* 745 P.2d 680, 681 (Colo.App.1987); *Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385, 1387 (Colo.App.1985). However, neither decision determined that a trial court would *need* to certify the order under Rule 54(b) before we could exercise appellate jurisdiction. To the extent those cases could be read as requiring such certification, we decline to follow them.

CCA filed a motion for extension of time for filing its responsive pleading, which the court granted. *See In re Trust of Malone*, 658 P.2d 284, 285–86 (Colo.App.1982) (trial court has discretion to grant extension of time to file answer). After the case was removed to federal court, CCA filed an answer, which continued in effect even after the case was remanded to state court. *See Crumpton v. Perryman*, 956 P.2d 670, 672 (Colo.App.1998) ("[I]nterests of efficiency and judicial economy favor a policy of giving continued effect to pleadings and motions filed in federal court prior to remand.").

¶ 17 Contrary to Rea's next assertion, the district court did not have to disregard a motion filed by CCA simply because the attorney filing the motion had not submitted a separate entry of appearance. *See* C.R.C.P. 121 § 1–1(4) (attorney not required to file a separate entry of appearance when another member from his or her law firm previously entered an appearance in the case).

¶ 18 Nor did the district court err by failing to give Rea an opportunity to show cause why his claims against CCA should not be dismissed. The court gave him an opportunity to respond before ruling on CCA's motion to dismiss.

¶ 19 Similarly, we perceive no reversible error by the district court in summarily granting CCA's C.R.C.P. 12(b)(5) motion to dismiss without providing any explanation for its ruling. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12...." C.R.C.P. 52. Here, "although the court did not make any express findings in granting the ... motion, we can discern the basis for its decision from the parties' briefs in the district court." *Reigel v. SavaSeniorCare L.L.C.*, —— P.3d ——, ——, 2011 WL 6091709 (Colo.App.2011).[2]

¶ 20 Likewise, reversal is not required to address unresolved motions that were filed by Rea, as the court disposed of the entire action when it granted the motion to dismiss.

¶ 21 Finally, Rea asserts that the judgment must be reversed because the district court was biased and prejudiced against him. In support of this assertion, he alleges the following circumstances: (1) he is a convicted sex offender, (2) his case involves a widely known murder, (3) he is accusing the local prison of wrongdoing, and (4) his case could be covered by the media.

¶ 22 Disqualification for an appearance of impropriety must be distinguished from disqualification for actual bias. While the former may be waived, the latter may not. *People in Interest of A.G.*, 262 P.3d 646, 651 (Colo.2011).

¶ 23 To the extent that Rea attempts now to assert an appearance of impropriety as the basis for disqualification, that ground has been waived, inasmuch as he did not seek to disqualify the judge in the district court. *Id.; see also Jones v. Estate of Lambourn*, 159 Colo. 246, 252, 411 P.2d 11, 14 (1966).

¶ 24 To the extent that Rea relies on actual bias or prejudice as the basis for disqualification, the focus must be "on the subjective motivations of the judge." *A.G.*, 262 P.3d at 651. To disqualify the judge for actual prejudice, a party must show that the judge has a frame (or bent) of mind that "in all probability will prevent [him or her] from dealing fairly with a party." *Id.* at 650 (quoting *People v. Julien*, 47 P.3d 1194, 1197 (Colo.2002)); *see People v. Drake*, 748 P.2d 1237, 1249 (Colo.1988) ("The record in this case does reveal incidents of trial court comments to defense counsel that were rude, and some discussions with defense witnesses that evidenced irritation.... We cannot say, however, that the record as a whole establishes that bent of mind against the defendant or

---

**2.** In this regard, CCA argued that Rea had failed to state a claim upon which relief could be granted because he had failed to allege that CCA's employees were acting pursuant to CCA's custom or policy. *See Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir.2010) (to establish governmental employer liability under 42 U.S.C. § 1983, a plaintiff must show (1) the existence of a municipal policy or custom, and (2) a direct causal link between the policy or custom and the injury alleged); *see also Herrera v. County of Santa Fe*, 213 F.Supp.2d 1288, 1291 n. 2 (D.N.M. 2002) (applying this rule to private corporations performing a governmental function, such as operating a detention center).

his attorney that warrants a finding of bias....").  Because Rea's allegations concern circumstances external to the judge's personal mindset, they cannot form a ground for disqualifying the judge based on actual bias.

¶ 25 The judgment is affirmed.

Judge GRAHAM and Judge GABRIEL concur.