The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 18, 2022

**2022COA94**

**No. 21CA0739, *Ditirro v. Sando* — Causes of Action — Civil
Action for Deprivation of Rights — Peace Officers —
Indemnification by Peace Officer's Employer**

A division of the court of appeals considers whether Colorado's

statute that authorizes civil actions against a "peace officer" who

subjects another person to the deprivation of individual rights,

§ 13-21-131, C.R.S. 2021, permits a cause of action against the

employer of a peace officer. The division holds that, under the facts

of this case, the statute does not allow a plaintiff to file a direct

action against the employer of a peace officer.

Court of Appeals No. 21CA0739
Adams County District Court No. 20CV31045
Honorable Jeffrey Smith, Judge

Vincent Damon Ditirro,

Plaintiff-Appellant,

v.

Matthew J. Sando, Caleb Simon, Colorado State Patrol, Commerce City Police Department, and Adams County Sheriff's Department,

Defendants-Appellees.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE LIPINSKY
Fox and Rothenberg*, JJ., concur

Announced August 18, 2022

Colorado Christian Defense Counsel, LLC, Jean Pirzadeh, Denver, Colorado, for Plaintiff-Appellant

Philip J. Weiser, Attorney General, Allison R. Ailer, Senior Assistant Attorney General, Dmitry B. Vilner, Assistant Attorney General, Denver, Colorado, for Defendants-Appellees Matthew J. Sando, Caleb Simon, and Colorado State Patrol

Kissinger & Fellman, P.C., Jonathan M. Abramson, Yulia Nikolaevskaya, Denver, Colorado, for Defendant-Appellee Commerce City Police Department

Heidi M. Miller, County Attorney, Michael A. Sink, Assistant County Attorney, Brighton, Colorado, for Defendant-Appellee Adams County Sheriff's Office

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2021.

¶ 1     In 2020, the Colorado General Assembly created a new cause of action against "peace officers" for violation of a plaintiff's civil rights. Section 13-21-131(1), C.R.S. 2021, allows a plaintiff to sue a peace officer who, "under color of law, subject[ed] or caus[ed] [the plaintiff] to be subjected, including failing to intervene," to the deprivation of an individual right that "create[s] binding obligations on government actors secured by the bill of rights" embodied in the Colorado Constitution.

¶ 2     The statute further provides that, under certain circumstances, a peace officer found liable under section 13-21-131(1) is entitled to obtain indemnification from the peace officer's employer. Section 13-21-131(4)(a) states that "a peace officer's employer shall indemnify its peace officers for any liability incurred by the peace officer and for any judgment or settlement entered against the peace officer for claims arising pursuant to this section," except where "the peace officer's employer determines on a case-by-case basis that the officer did not act upon a good faith and reasonable belief that the action was lawful."

¶ 3     The statute is silent, however, on whether a plaintiff has the right to assert a direct claim against the employer of a peace officer

who violated one of the plaintiff's rights protected under the state bill of rights.

¶ 4  We hold that, under the facts of this case, section 13-21-131 does not allow a plaintiff to file a direct action against the employer of a peace officer.  For this reason, we affirm the district court's judgment dismissing the claims of plaintiff, Vincent Damon Ditirro, against defendants Adams County Sheriff's Office (Adams County) and Commerce City Police Department (Commerce City) under C.R.C.P. 12(b)(5) for failure to state claims upon which relief can be granted.  (Ditirro's court filings, including his filings in this court, refer to "Adams County Sheriff's Department."  The correct name of that entity is "Adams County Sheriff's Office."  We use the entity's correct name in this opinion.)

¶ 5  In addition, we reject Ditirro's other arguments and award appellate attorney fees to the four original defendants that requested such a fee award: Commerce City, Colorado State Patrol (CSP) troopers Matthew J. Sando and Caleb Simon, and CSP.  We also grant Commerce City's request for an award of its costs incurred in this appeal.

## I.     Background Facts and Procedural History

¶ 6     Because the district court dismissed Ditirro's action under C.R.C.P. 12(b)(5), we accept as true the following facts pleaded in his first amended complaint.  *See Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7, 409 P.3d 331, 334.

¶ 7     On August 7, 2018, Sando and Simon, troopers with the CSP, stopped a car that Ditirro was driving on suspicion that he was under the influence of alcohol.  Following a roadside sobriety test, Sando and Simon arrested Ditirro.  During the arrest, Sando and Simon assaulted Ditirro, causing him physical and mental injuries.

¶ 8     On August 6, 2020, Ditirro filed a complaint in the Adams County District Court against, as relevant to this appeal, Adams County, Commerce City, Sando, Simon, CSP, and "Doe Defendants."  Ditirro pleaded nine claims — four under the federal statute that authorizes civil actions for civil rights violations, 42 U.S.C. § 1983, and five under section 13-21-131.

¶ 9     Commerce City removed the case to the United States District Court for the District of Colorado (the federal court) on the grounds that the inclusion of the § 1983 claims in Ditirro's complaint allowed the federal court to exercise subject matter jurisdiction over

the entire case. Commerce City then filed a motion to dismiss Ditirro's claims against it for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

¶ 10 While Commerce City's motion was pending in the federal court, Ditirro filed a first amended complaint that did not include the § 1983 claims. The absence of those claims from the amended complaint deprived the federal court of jurisdiction over the case. For this reason, after Ditirro amended his complaint, the federal court remanded the case to the Adams County District Court. Ditirro refiled his first amended complaint in the Adams County District Court on January 25, 2021.

¶ 11 In his first amended complaint, Ditirro asserted the five section 13-21-131 claims he had asserted in his original complaint. He premised four of those claims on section 13-21-131(1) and one on the indemnification provision in section 13-21-131(4).

¶ 12 Although Ditirro pleaded that Sando and Simon were "troopers with the [CSP]," he also alleged that "[e]ach Defendant and Doe Defendant, Individual Defendant, or Agency Defendant were and are at all times the agent and principal of each and every Defendant whether Individual, Doe or Agency Defendant." He specifically

asserted that Sando and Simon "were at the time [of Ditirro's arrest] and at all material times the agents of all other Defendants, including the Doe Defendants and therefore all the Defendants named herein," and that all defendants "failed to supervise and monitor Sando and Simon." Presumably, "all defendants" included Adams County and Commerce City.

¶ 13    Adams County and Commerce City moved to dismiss Ditirro's claims against them for failure to state claims upon which relief can be granted under C.R.C.P. 12(b)(5). In his response to those motions, Ditirro asked the court to grant him leave to amend his complaint again.

¶ 14    The district court granted Adams County's and Commerce City's dismissal motions on February 26, 2021. In the orders granting those motions, the court concluded that section 13-21-131 does not authorize a direct cause of action against a peace officer's employer. (Alternatively, the court determined that Ditirro's allegation that Adams County and Commerce City employed Sando and Simon did not "pass the plausibility test," citing *Warne v. Hall*, 2016 CO 50, ¶ 27, 373 P.3d 588, 596.) The court also denied Ditirro's requests for leave to amend his first amended complaint

because Ditirro had already amended his complaint once, and the court concluded that any further efforts to amend Ditirro's claims against Adams County and Commerce City would be futile.

¶ 15 Ditirro then filed a separate motion for leave to amend his first amended complaint. In the motion, he explained his intention to reassert the same § 1983 claims that he had voluntarily dismissed when the case was pending in the federal court. The district court denied Ditirro's motion on April 23, 2021, and he filed a motion for reconsideration on May 1, 2021.

¶ 16 Between the filing of Ditirro's motion for leave to amend and the court's ruling on his motion for reconsideration, Ditirro served Sando and CSP with his first amended complaint. Sando and CSP responded by filing motions to dismiss under C.R.C.P. 12(b)(5). The court granted Sando's motion to dismiss on May 17, 2021, reasoning that section 13-21-131 does not provide a cause of action against a peace officer employed by the state.

¶ 17 On May 22, 2021, Ditirro filed a notice of appeal referencing three orders: the district court's February 26, 2021, order dismissing Ditirro's claims against Adams County and Commerce City; the April 23, 2021, order denying his motion for leave to

amend the first amended complaint; and the May 17, 2021, order denying his motion for reconsideration of the order denying his motion for leave to amend. Ditirro's notice of appeal did not refer to the district court's May 17, 2021, order dismissing his claims against Sando.

¶ 18 At the time Ditirro filed his notice of appeal, the district court had not ruled on CSP's dismissal motion and Ditirro had not served Simon. The court granted CSP's motion to dismiss on July 8, 2021. Ditirro served Simon after that date. Like the other defendants, Simon filed a motion to dismiss under C.R.C.P. 12(b)(5). The court granted Simon's motion on August 17, 2021.

¶ 19 Ditirro did not appeal the court's orders granting Sando's, CSP's, and Simon's respective dismissal motions, but, in his opening brief, Ditirro asserted that the district court abused its discretion by granting those motions. He further asserted that the court abused its discretion by denying him leave to amend the first amended complaint and by denying his motion for reconsideration.

¶ 20 In their answer briefs, Adams County, Commerce City, Sando, Simon, and CSP contended that this court lacked subject matter jurisdiction over the appeal for four reasons: (1) the three orders

7

referenced in the notice of appeal were interlocutory; (2) Ditirro did not ask the district court to direct the entry of a final judgment as to the three orders under C.R.C.P. 54(b); (3) Ditirro's notice of appeal did not refer to the orders dismissing his claims against Sando, Simon, and CSP, and this court lacks jurisdiction to consider those orders; and (4) Ditirro did not file an amended notice of appeal.

¶ 21 On June 24, 2022, a division of this court entered an order dismissing the portions of Ditirro's appeal challenging the district court's orders dismissing, for lack of jurisdiction, his claims against Sando, Simon, and CSP. In the June 24, 2022, order, the division deferred consideration of Sando's, Simon's, and CSP's requests for their appellate attorney fees until this division adjudicated Commerce City's request for appellate attorney fees. (Adams County did not request an award of its appellate attorney fees.)

¶ 22 In this opinion, we limit our review to whether the district court erred by granting Adams County's and Commerce City's motions to dismiss and abused its discretion by denying Ditirro leave to amend his first amended complaint and Ditirro's motion for reconsideration. We also consider Commerce City's, Sando's,

Simon's, and CSP's requests for awards of their appellate attorney fees, as well as Commerce City's request for an award of its costs incurred in this appeal.

## II.    Analysis

### A.    Jurisdiction

¶ 23    Because "[a]n appellate court must always be satisfied that it has jurisdiction to hear an appeal," *Chavez v. Chavez*, 2020 COA 70, ¶ 22, 465 P.3d 133, 139, we first consider Adams County and Commerce City's contention that this court lacks jurisdiction over Ditirro's appeal of the orders granting their motions to dismiss because his notice of appeal was premature.

¶ 24    "Generally speaking, the court of appeals has jurisdiction only over appeals from final judgments." *Allison v. Engel*, 2017 COA 43, ¶ 23, 395 P.3d 1217, 1222.  A final judgment generally is one that "resolve[s] all claims for relief in a case." *E. Cherry Creek Valley Water & Sanitation Dist. v. Greeley Irrigation Co.*, 2015 CO 30M, ¶ 11, 348 P.3d 434, 439; *see Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n.2 (Colo. 1982) ("Absent an applicable exception provided by rule or statute, an appeal lies only from a final judgment[,] 'which ends the particular action in which it is entered,

9

leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" (quoting *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977))).

¶ 25    Ditirro's notice of appeal was premature because the three orders it referenced did not constitute a final judgment. The three orders did not become final until the district court resolved all claims against the defendants that were parties when Ditirro filed his notice of appeal. *See Rea v. Corr. Corp. of Am.*, 2012 COA 11, ¶ 13, 272 P.3d 1143, 1146 ("We conclude that named but unserved defendants are not litigants for purposes of determining the appealability of an order under the final judgment rule."). The final judgment was entered when the court granted CSP's motion to dismiss on July 8, 2021. The three orders became final at that time, even though the district court had not yet granted Simon's motion to dismiss, because Ditirro had not yet served Simon. *See Musick v. Woznicki*, 136 P.3d 244, 246 (Colo. 2006). When the court entered its order dismissing Ditirro's claims against CSP, it resolved all of his claims against all of the defendants who had been served.

¶ 26     We further conclude that the district court had jurisdiction to grant CSP's motion to dismiss after Ditirro filed his notice of appeal.

¶ 27     Although "[g]enerally, the filing of a notice of appeal shifts jurisdiction to the appellate court, thus divesting the trial court of jurisdiction to conduct further substantive action related to the judgment on appeal," a trial court is not divested of jurisdiction "when a party files a premature notice of appeal of a nonfinal judgment." *Id.*

¶ 28     Here, because Ditirro's notice of appeal was premature, the district court retained jurisdiction to grant CSP's motion to dismiss on July 8, 2021. *See id.* at 246-47. The three orders referenced in the notice of appeal became final upon the entry of the July 8, 2021, order, which cured the jurisdictional defect in Ditirro's notice of appeal. *See id.* (holding that, if a party files a premature notice of appeal, an appellate court may exercise jurisdiction over the appeal once the jurisdictional defect has been cured by entry of a final judgment); *Kidwell v. K-Mart Corp.*, 942 P.2d 1280, 1281-82 (Colo. App. 1996) (holding that this court may address the merits of an appeal if the other parties were not prejudiced by the early filing of an appellant's notice of appeal).

11

¶ 29    Because the jurisdictional defect was cured, and Adams County and Commerce City allege no prejudice from Ditirro's premature filing of his notice of appeal, we conclude that we have jurisdiction to resolve those portions of the appeal not dismissed in our June 24, 2022, order.

### B.    Adams County's and Commerce City's Motions to Dismiss

¶ 30    Ditirro contends that the district court erred by granting Adams County's and Commerce City's motions to dismiss. He maintains that section 13-21-131(4) provides a cause of action against law enforcement entities, and that the district court erred by ruling otherwise. We disagree.

#### 1.    Standard of Review

¶ 31    "We review a C.R.C.P. 12(b)(5) motion to dismiss de novo and apply the same standards as the trial court." *Norton*, ¶ 7, 409 P.3d at 334. "We accept all factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff, but we are not required to accept bare legal conclusions as true." *Id.* "We will uphold the grant of a C.R.C.P. 12(b)(5) motion only when the plaintiff's factual allegations do not, as a matter of law, support the claim for relief." *Id.*

12

¶ 32    We also review questions of statutory interpretation de novo. *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010).  "In determining the meaning of a statute, our central task is to ascertain and give effect to the intent of the General Assembly."  *Id.*  "We begin by looking to the express language of the statute, construing words and phrases according to grammar and common usage."  *Id.*  "If, after review of the statute's language, we conclude that the statute is unambiguous and the intent appears with reasonable certainty, our analysis is complete."  *Id.*

### 2.    Applicable Law

¶ 33    Section 13-21-131 authorizes private civil rights actions against "peace officer[s]."  As relevant to this case, a "peace officer" is "any person employed by a political subdivision of the state required to be certified by the [Peace Officers Standards and Training] board."  § 24-31-901(3), C.R.S. 2021.

### 3.    The District Court Did Not Err in Interpreting Section 13-21-131

¶ 34    The district court granted Adams County's and Commerce City's motions to dismiss on the grounds that "[t]he plain and unambiguous language of [section] 13-21-131(1) establishes a

13

cause of action against an *individual* peace officer. It does not establish a cause of action against the peace officer's employer such as [Adams County] or [Commerce City]."

¶ 35 Section 13-21-131(1) provides that a "peace officer" is liable to the injured party for "the deprivation of any individual rights." It does not mention any other individuals or entities that can be held liable under the statute. Thus, we conclude, based on the plain language of the statute, that it grants plaintiffs who are similarly situated to Ditirro the right to assert the specified civil rights actions only against individual peace officers, and not against the peace officers' employers.

¶ 36 The indemnification language in section 13-21-131 makes it clear that, under the facts of this case, a third party such as Ditirro may not assert a direct claim against the employer of a peace officer. *See* § 13-21-131(4)(a) (stating that "a peace officer's employer shall indemnify its peace officers" for violations of the section, except when the employer "determines on a case-by-case basis that the officer did not act upon a good faith and reasonable belief that the action was lawful"). We therefore agree with the district court that

14

> [w]hile a plaintiff may be the beneficiary of indemnification by the municipality if the peace officer does not have the funds to pay the judgment, it does not necessarily follow that [Ditirro] may sue a peace officer's employer to enforce the peace officer's right to indemnification.

¶ 37   As applied to the facts of this case, the indemnification language in section 13-21-131(4) is analogous to the indemnification language in an insurance policy analyzed in *All Around Transport, Inc. v. Continental Western Insurance Co.*, 931 P.2d 552, 556 (Colo. App. 1996).  In that case, the division concluded that

> [a]n injured claimant normally cannot maintain a direct action on the liability policy protecting the tort-feasor . . . because the parties to such an insurance contract do not intend to benefit the general public; their intent is to benefit the named insured by protecting him or her against future liability.

*Id.*

¶ 38   The same logic applies to Ditirro's claims against Adams County and Commerce City.  While section 13-21-131(4) allows a peace officer to obtain indemnification from the peace officer's employer under certain circumstances, it only provides a remedy for peace officers, at least before the peace officer has incurred any

15

liability, or any judgment or settlement has been entered against the peace officer, under the statute.  (Because the claims that Ditirro litigated in the Adams County District Court following the remand by the federal court solely arose under state law, we do not consider whether our interpretation of section 13-21-131(4) equally applies to cases filed under 42 U.S.C. § 1983.)  We offer no opinion on whether a plaintiff may bring an action against the employer of a peace officer after the peace officer has incurred liability under section 13-21-131(1) or after "any judgment or settlement [is] entered against the peace officer" for a claim arising under the statute.  § 13-21-131(4)(a).

¶ 39    Accordingly, we conclude that the district court did not err by dismissing Ditirro's claims against Adams County and Commerce City.  In light of our analysis, we do not consider the merits of Ditirro's claims.

C.    Ditirro's Motion to Amend His First Amended Complaint

¶ 40    Ditirro next asserts that the district court abused its discretion by denying his motion to amend his first amended complaint to reassert the § 1983 claims that he voluntarily

dismissed while the case was pending in federal court. We disagree.

¶ 41 Because Ditirro had already amended his complaint, he did not have the right to amend it a second time without leave of court or the adverse parties' written consent. *See* C.R.C.P. 15(a). The rules of civil procedure do not grant a plaintiff a second opportunity to amend the complaint as a matter of right in state court if the plaintiff has previously amended it. *See Kennie v. Nat. Res. Dep't*, 889 N.E.2d 936, 945 (Mass. 2008) (holding that the trial court did not err by denying the plaintiffs' motion for leave to amend their complaint to reassert the same federal claims that the plaintiffs had included in their original complaint and then "deleted" after the defendants removed the case to federal court).

¶ 42 Because Ditirro did not have the right to amend his first amended complaint, the district court had discretion to grant or deny Ditirro's motion for leave to amend. *See Benton v. Adams*, 56 P.3d 81, 85 (Colo. 2002) ("Granting leave to amend is within the sound discretion of the trial court; our review is for the purpose of determining whether or not the trial court abused its discretion in ruling on the motion to amend."). The court denied Ditirro's motion

after finding that his "change of position on his federal-law claims can be viewed as dilatory at best, possible bad faith at worst."

¶ 43 We perceive no abuse of discretion by the court. Ditirro voluntarily dismissed his § 1983 claims after Commerce City removed the case to the federal court, and filed a motion to remand the case to the state court. While "[a] plaintiff is the master of his complaint," *Suydam v. LFI Fort Pierce, Inc.*, 2020 COA 144M, ¶ 48, 490 P.3d 930, 939 (quoting *Gadeco, LLC v. Grynberg*, 2018 CO 22, ¶ 17, 415 P.3d 323, 329), and thus has the right to choose which claims he or she seeks to pursue in which court, Ditirro's actions suggest that he voluntarily dismissed his § 1983 claims to defeat the federal court's jurisdiction and to force that court to remand his case to the Adams County District Court.

¶ 44 The record therefore supports the district court's finding that Ditirro's attempt to reassert his § 1983 claims in state court following the remand was "dilatory at best, possible bad faith at worst." *See Benton*, 56 P.3d at 86 ("Grounds for trial court denial of a motion to amend pleadings include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in the pleadings

via prior amendments, undue prejudice to the opposing party, and futility of amendment . . . .").

## D. Ditirro's Motion for Reconsideration

¶ 45 Ditirro next contends that the district court abused its discretion by denying his motion for reconsideration of its order denying his motion for leave to amend his first amended complaint. We disagree.

¶ 46 Because the court did not abuse its discretion by denying Ditirro's motion for leave to amend, it likewise did not abuse its discretion by denying Ditirro's motion for reconsideration. *See Hytken v. Wake*, 68 P.3d 508, 512-13 (Colo. App. 2002) (holding that, because the trial court properly analyzed an issue, it did not abuse its discretion by denying a motion for reconsideration of the issue).

## E. Appellate Attorney Fees

¶ 47 After granting Commerce City's, Sando's, Simon's, and CSP's motions to dismiss, the district court granted their requests for awards of attorney fees pursuant to section 13-17-201, C.R.S. 2021. At the time, that statute provided that

> [i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

§ 13-17-201. "Under this section, an award of attorney fees is mandatory when a trial court dismisses an action under C.R.C.P. 12(b)." *Wark v. Bd. of Cnty. Comm'rs*, 47 P.3d 711, 717 (Colo. App. 2002). Notably, under that version of the statute, a plaintiff and the plaintiff's lawyer are equally liable for attorney fees awards, even though the lawyer may have been solely responsible for the pleading deficiencies that led to the dismissal of the action. Moreover, "[a] party who successfully defends such a dismissal order is also entitled to recover reasonable attorney fees incurred on appeal." *Id.*

¶ 48 This case falls squarely within the version of section 13-17-201 in effect at the time the parties filed their appellate briefs. Ditirro alleged that the defendants' torts had, directly or indirectly, resulted in injuries to him, and the district court dismissed Ditirro's action under C.R.C.P. 12(b).

¶ 49 In light of our affirmance of the district court's order dismissing Ditirro's claims against Commerce City, we are required to grant Commerce City's request for appellate attorney fees under section 13-17-201, as well as its request for appellate costs under C.A.R. 39(a)(2). And, given our conclusion in the June 24, 2022, order that we lack jurisdiction over Ditirro's appeal of the orders dismissing his claims against Sando, Simon, and CSP, we hold that those defendants "successfully defend[ed] . . . a dismissal order" and are therefore also entitled to an award of their respective appellate attorney fees under section 13-17-201. *Wark*, 47 P.3d at 717. (Because Sando, Simon, and CSP did not request awards of their appellate costs, we do not award such costs to them.)

¶ 50 We acknowledge that, in 2022, the General Assembly carved out an exception to section 13-17-201 for

> any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the

21

> United States constitution, to the Supreme
> Court of the United States.

Ch. 445, sec. 1, § 13-17-201(2), 2022 Colo. Sess. Laws

3131. But the exception only applies where

> the party that brought the dismissed claim . . .
> pleaded . . . that the dismissed claim was
> made for one of the express purposes stated in
> this subsection (2) and identified the
> precedent, law, or regulation the party seeks to
> extend, limit, modify, or reverse, or whether
> the issue to be decided is a matter of first
> impression.

*Id.* at 3131-32. The amendment took effect on June 8, 2022, and therefore does not apply to Ditirro's claims.

¶ 51 Even if the amendment applied to this case, it would not benefit Ditirro because his lawyer did not plead that the dismissed claims were "made for one of the express purposes" stated in the new section 13-17-201(2). (In the opening brief, Ditirro's counsel notes that, "due to the newness of [section 13-21-131] no case authority exists on the liability of entities under the statute." No such language appears in Ditirro's first amended complaint, however.)

III.  Conclusion

¶ 52    The judgment in favor of Adams County and Commerce City is affirmed.  The orders denying Ditirro's motion for leave to amend his first amended complaint and denying his motion for reconsideration are also affirmed.  The case is remanded to the district court for a determination of the amount of reasonable appellate attorney fees and costs to be awarded, as explained above.

JUDGE FOX and JUDGE ROTHENBERG concur.